ROB BONTA
Attorney General of California
GREG W. CHAMBERS
Supervising Deputy Attorney General
State Bar No. 237509
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 510-3382
 Fax: (415) 703-5480
 E-mail:  Greg.Chambers@doj.ca.gov
*Attorneys for Defendants Rob Bonta, Attorney General, and Laurie Rose Lubiano*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS VERN HULSTEDT,**<br><br>                                        Plaintiff,<br><br>     v.<br><br>**ROB ANDREAS BONTA, et al.,**<br><br>                                        Defendants. | Case No. 23-cv-02003-JSC<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:            Thursday, July 27, 2023<br>Time:            1:30 p.m.<br>Courtroom:   8 – 19th Floor<br>Judge:           Hon. Jacqueline Scott Corley<br>Trial Date:    None Set<br>Action Filed:  April 25, 2023 |

Defendants Rob Bonta, Attorney General, and Laurie Rose Lubiano, member of the Medical Board of California (hereinafter collectively Defendants) submit their Opposition to Motion for Summary Judgment, in response to Plaintiff's pleading.  [ECF 36][1]

**I.**

**INTRODUCTION**

Plaintiff has filed a meritless motion for summary judgment claiming that Defendants have not timely responded to the Complaint.  This is essentially an attempt to take a default

---

[1] Plaintiff's motion [ECF 36] is titled "Lawful Direction in the Form of a Motion for Summary Judgement Relying on F.R.C.P 12 (c) or Other as Defendants Have Refused to Answer and are in Default, "Pleading Close" More that 21 Days Elapsed After Defendants Were Served, Verified-Claims, Document #1 are to be Deemed True and a Ruling in Favor of Claimant/Witness/Beneficiary is Ordered for Entry, in the Alternative a Written Appealable Ruling in Law and Finding of Facts as to why This is not so, the Meeting by Zoom July 27, 2023 at 1:30 p.m. per Case Management I.D. 191 366 1817."

judgment—but Plaintiff fails to inform the Court that Defendants provided Waivers of Service of Summons (Waivers), which were completed, returned to him, and extended Defendants' time to file an answer to June 26, 2023.  This is the second federal matter in which Plaintiff has falsely asserted an untimeliness claim.  Here too, Plaintiff's motion for summary judgment is meritless and should be denied.

## II.

## LEGAL STANDARD

The general rules regarding summary judgement are well known to this court.  Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  A material fact is one that may affect the outcome of the case under the applicable law.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." Id.  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is pro se.  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); accord *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).  To the extent the court treats it as a summary judgment motion, the court must draw all inferences in the light most favorable to the nonmoving party.  *Comite de Jornaleros de Redondo*

*Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012).

## III.

## ARGUMENT

### A.  DEFENDANTS ARE NOT IN DEFAULT

Plaintiff claims Defendants are in default and that "pleadings closed." [ECF 36]  This is false.  The pleadings are not closed.  The deadline for Defendants to file a response to the Complaint has yet to pass.  The Complaint was filed on April 25, 2023. [ECF 1]  According to the signed declaration of service, Plaintiff mailed to Defendants a request for waiver of service on April 24, 2023, a day before the matter was filed.  On May 9, 2023, Defendants mailed signed Waivers to Plaintiff's address of record via certified mail.  [Exhibit 1, Declaration of Greg W. Chambers in Support of Opposition to Summary Judgment (Chambers Declaration).][2]  The mailing had a specific tracking number.  [Exhibit 2, Chambers Declaration.]  Those Waivers were received and signed for on May 15, 2023, according the specific tracking number attached to that mailing.  [Exhibit 3, Chambers Declaration.]  Under Federal Rule of Civil Procedure 4(d)(3) a defendant who serves a timely waiver has until 60 days after the request was sent to file an answer.  Plaintiff filed the Complaint on April 25, 2023, and accordingly,  Defendants have until June 26, 2023, to file their response.  Fed. R. Civ. P. 4(d)(3).  Plaintiff has failed to file with the Court Defendants' signed Waivers, as required by law.  Fed. R. Civ. P. 4(d)(4).  This does not appear to be an innocent mistake as Plaintiff has made similar claims of untimely filings after failing to file defendants' waivers of service of summons.  *Hulstedt v. Medical Board of California*, Case No. 22-cv-06688-HSG.  ECF 11 at, 1.  The court was informed that waivers had been provided to and never filed by Plaintiff and Plaintiff's allegation was dismissed.  ECF 12, p. 4:3-9.

To the extent the court construes Plaintiff's motion as one for summary judgment under Fed. R. Civ. P. 56, the motion must be denied as both premature and procedurally deficient.  Civil

---

[2] Civil Local Rule 7-3(c) – Any reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4.

Local Rules 7-2 requires points and authorities in support of the motion. Plaintiff provides none. And, to the extent that Plaintiff's so-called motion for summary judgment rests on the claim that the Defendants have not filed a timely response, the claim is demonstrably false, and the motion does not appear to have been filed in good faith. The court should deny the motion.

## V.
## CONCLUSION

For the forgoing reasons, plaintiff's motion should be denied.

Dated: June 23, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

*Greg W. Chambers*

GREG W. CHAMBERS
Supervising Deputy Attorney General
*Attorneys for Defendants Rob Andreas Bonta and Laurie Rose Lubiano*

## DECLARATION OF SERVICE BY CERTIFIED MAIL AND EMAIL

Case Name:    **Hulstedt v. Bonta et al.**

Case No.:     **5:23-cv-02003-JSC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 23, 2023, I served the attached **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by placing a true copy thereof enclosed in a sealed envelope as certified mail and return receipt requested, in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230. In addition, I served the attached **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by transmitting a true copy via electronic mail, addressed as follows:

**Douglas Vern Hulstedt, M.D.**
2511 Garden Road, Building -C#100
Monterey, CA 93940
Email: doughulstedt314@gmail.com

I declare under penalty of perjury under the law of the State of California the foregoing is true and correct and that this declaration was executed on June 23, 2023, at Los Angeles, California.

|   Jusua Barbosa   |   _(signature)_   |
|:-----------------:|:-----------------:|
|     Declarant     |     Signature     |

SF2023400897
66040487.docx