1  ROB BONTA
   Attorney General of California
2  GREG W. CHAMBERS
   Supervising Deputy Attorney General
3  State Bar No. 237509
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3382
5  Fax:  (415) 703-5480
     E-mail:  Greg.Chambers@doj.ca.gov
6  *Attorneys for Defendants Rob Bonta, Attorney*
   *General, and Laurie Rose Lubiano*

7

8                IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 **DOUGLAS VERN HULSTEDT,** | Case No. 23-cv-02003-JSC |
| 12 Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS ROB BONTA AND** |
| 13 v. | **LAURIE ROSE LUBIANO TO DISMISS COMPLAINT; MEMORANDUM OF** |
| 14 | **POINTS AND AUTHORITIES** |
| 15 **ROBERT ANDRES BONTA,** | Date:        Thursday, August 3, 2023 |
| 16 Defendant. | Time:        10:00 a.m.<br>Courtroom:  8 – 19th Floor |
| 17 | Judge:       Hon. Jacqueline Scott Corley<br>Trial Date:  None Set |
| 18 | Action Filed:  April 25, 2023 |

19        PLEASE TAKE NOTICE THAT on August 3, 2023, at 10:00 a.m., before the Honorable

20 Jacqueline Scott Corley in Courtroom 8 – 19th Floor of the United States Courthouse, located at

21 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Rob Bonta, Attorney General,

22 and Laurie Rose Lubiano, a member of the Medical Board of California (hereinafter collectively

23 Defendants), will, and hereby do, move this Court for an order dismissing Plaintiff's Complaint

24 with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

25        This motion is based on this Notice of Motion and Motion, the following Memorandum of

26 Points and Authorities, the concurrently filed Request for Judicial Notice, and the pleadings and

27 papers filed in this case. Defendants respectfully request that this matter be determined without

28 oral argument, pursuant to Civil Local Rule 7-1(b), as it is unnecessary.

1

**RELIEF REQUESTED**

2              Defendants respectfully request an order dismissing Plaintiff's Complaint against

3   Defendants with prejudice, for failure to state a claim upon which relief may be granted pursuant

4   to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the State of California

5   Defendants request dismissal on the following grounds:

6              1.   Plaintiff is precluded from bringing this claim;

7              2.   This action is barred by sovereign immunity; and

8              3.   Failure to state a cognizable claim.

9

10  Dated: June 23, 2023                              Respectfully submitted,

11                                                    ROB BONTA
                                                      Attorney General of California
12
                                                      *Greg W. Chambers*
13
14                                                    GREG W. CHAMBERS
                                                      Supervising Deputy Attorney General
15                                                    *Attorneys for Defendants Rob Bonta,*
                                                      *Attorney General, and Laurie Rose Lubiano*
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3

INTRODUCTION ................................................................................................................ 1

4

STATEMENT OF FACTS ................................................................................................... 1

5

LEGAL STANDARD .......................................................................................................... 3

6

ARGUMENT ....................................................................................................................... 4

7

      A.     This Court is Precluded from Reviewing This Action under Section 1983
             Because the Underlying State Decision has Become Final ................................... 4

8

      B.     To the Extent Plaintiff is Asking the Federal Court to Undo the State Order
             Revoking his Medical License This Action is Barred by Sovereign
             Immunity ............................................................................................................. 6

9

      C.     Plaintiff Fails and is Unable to State a Cognizable Claim Against Either
             Defendant ............................................................................................................. 7

10

CONCLUSION .................................................................................................................... 9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

CASES

4

*Akhtar v. Mesa*

5
    698 F.3d 1202, 1212-13 (9th Cir. 2012) ..................................................4

6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..................................................................................3, 8

7

*Ass'n of Am. Med. Colls. v. United States*

8
    217 F.3d 770, 778–79 (9th Cir. 2000) .......................................................3

9

*Atlantic Corp. v. Twombly*

10
    550 U.S. 544 (2007)...................................................................................3

11

*Board of Trustees of Univ. of Alabama v. Garrett*
    531 U.S. 356, 363 (2001) ..........................................................................6

12

13

*Briggs v. City of Rolling Hills Estates*
    40 Cal.App.4th 637, 646-647 (1995) .........................................................6

14

*Brooks v. Sulphur Springs Valley Elec. Co.*

15
    951 F.2d 1050 (9th Cir. 1991)...................................................................6

16

*Brosterhous v. State Bar*
    12 Cal.4th 315, 335 (1995) ......................................................................6

17

*Coal. to Defend Affirmative Action v. Brown*

18
    674 F.3d 1128 (9th Cir. 2012)...................................................................7

19

*Doe v. Regents of the Univ. of California*

20
    891 F.3d 1147 (9th Cir. 2018)...................................................................5

21

*Eminence Capital, LLC v. Aspeon, Inc.*
    316 F.3d 1048, 1052 (9th Cir. 2003) .......................................................3

22

*Erickson v. Pardus*

23
    551 U.S. 89, 94 (2007) ..............................................................................4

24

*Ghazali v. Moran*

25
    46 F.3d 52, 54 (9th Cir. 1995) ..................................................................4

26

*Hertz Corp. v. Friend*
    559 U.S. 77 (2010) ....................................................................................3

27

28

ii

1

2

**TABLE OF AUTHORITIES**
(continued)

<u>**Page**</u>

3

4

*Imbler v. Pachtman*
    424 U.S. 409, 431, (1976) ..........................................................................................8

5

*In re Gilead Scis. Secs. Litig.*
    536 F.3d 1049, 1055 (9th Cir. 2008) .........................................................................4

6

7

*Ivey v. Bd. of Regents*
    673 F.2d 266 (9th Cir. 1982)......................................................................................4

8

9

*Jackson v. Hayakawa*
    682 F.2d 1344, 1350 (9th Cir.1982)..........................................................................7

10

*Johnson v. City of Loma Linda*
    24 Cal. 4th 61 (2000) ................................................................................................5

11

12

*Kimel v. Florida Bd. of Regents*
 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ...................................6

13

14

*Kokkonen v. Guardian Life Ins. Co. of Am.*
 511 U.S. 375, 378 (1994) ..........................................................................................3

15

16

*Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,*
    714 F.2d 946, 952 (9th Cir. 1983) .............................................................................7

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
    519 F.3d 1025, 1031 (9th Cir. 2008) .........................................................................4

17

18

19

*McDaniel v. Board of Education*
    44 Cal.App.4th 1618 (1996)......................................................................................6

20

21

*Mendiondo v. Centinela Hosp. Med. Ctr.*
    521 F.3d 1097, 1104 (9th Cir. 2008) ......................................................................3, 7

22

*Mitchell v. Los Angeles Community College Dist.*
    861 F.2d 198 (9th Cir. 1989)......................................................................................6

23

24

*Natural Resources Defense Council v. California Dep't of Tranp.*
    96 F.3d 420 (9th Cir. 1996).......................................................................................6

25

26

*Olsen v. Idaho State Board of Medicine*
    363 F.3d 916, 924 (9th Cir. 2004) .............................................................................8

27

*Olson v. Morris*
    188 F.3d 1083, 1086-87 (9th Cir. 1999) ...................................................................5

28

iii

Notice of Motion and Motion of Defendants Rob Bonta and Laurie Rose Lubiano to Dismiss Complaint;
Memorandum of Points and Authorities  (23-cv-02003-JSC)

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Seminole Tribe of Fla. v. Florida*
    517 U.S. 44 (1996) .................................................................................................6

4

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ...............................................................................4

5

6

*Swierkiewicz v. Sorema N.A.*
    534 U.S. 506, 514 (2002) .....................................................................................8

7

8

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) .............................................................................6

9

*Tosco Corp. v. Communities for a Better Env't*
  236 F.3d 495, 499 (9th Cir. 2001) .......................................................................3

10

11

*United States v. Utah Construction & Mining Co.*
    384 U.S. 394 (1966) .............................................................................................5

12

13

*University of Tennessee v. Elliott*
    478 U.S. 788, 796-799 (1986) .............................................................................6

14

*Westlake Cmty. Hosp. v. Superior Court*
    17 Cal.3d 465 (1976) ...........................................................................................6

15

16

**STATUTES**

17

United States Code Title 42
    § 1983 .............................................................................................................4, 8

18

19

California Business and Professions Code
    § 2220 ...................................................................................................................1

20

21

California Code of Civil Procedure
    § 1094.5 ...........................................................................................................5, 6

22

California Government Code
    § 11523 ...........................................................................................................4, 5

23

24

**CONSTITUTIONAL PROVISIONS**

25

United States Constitution
    Eleventh Amendment .......................................................................................6, 7

26

27

28

iv

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

**COURT RULES**

4

Federal Rules of Civil Procedure
    rule 12(b)(1) ...........................................................................................................3
5
    rule 12(b)(6) ...........................................................................................................3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's medical license was revoked for gross negligence, a final administrative determination he did not challenge by filing an administrative writ.  Here, proceeding pro se, Plaintiff sues Rob Bonta – the Attorney General of California – and Laurie Rose Lubiano – a member of the Medical Board of California (ECF 1), claiming due process and Fifth Amendment violations, and seeking unspecified declaratory relief.

To the extent the Complaint challenges the Medical Board's determination, these claims are precluded because that decision is final and cannot be collaterally attacked here.  To the extent the Complaint seeks a retrospective declaration invalidating the Medical Board's determination, such claims are also barred by sovereign immunity.  Additionally, Plaintiff fails and is unable to state any cognizable claims against Defendants.  For these and other reasons discussed below, Plaintiff's Complaint is fatally deficient as a matter of law and should be dismissed with prejudice.

## II.

## STATEMENT OF FACTS

The Medical Board is a regulatory agency of the State of California, charged by statute with investigating complaints made by the public against physicians for unprofessional conduct.  Cal. Bus. & Prof. Code, § 2220, subd. (a). Plaintiff was a licensed physician[1] – the facts regarding the Medical Board's disciplinary case against him, and the factual underpinning for the present case, follow.

I.  *In the Matter of the Accusation Against Douglas Vern Hulstedt, M.D.*

In 2015 and 2017, Plaintiff issued vaccination exemptions for a minor patient at the request of the patient's father.  (Request for Judicial Notice (RJN), Ex. 2, *In the Matter of the Accusation Against Douglas Vern Hulstedt, M.D.,* Accusation No. 800-2021-079497 (the Accusation), ¶¶ 10-

---

[1] Request for Judicial Notice (RJN), Ex. 1, p. 5, para. 1, Medical Board's Order Denying Petition for Reconsideration, and Decision Revoking Plaintiff's license effective February 27, 2023.

1

Notice of Motion and Motion of Defendants Rob Bonta and Laurie Rose Lubiano to Dismiss Complaint;
Memorandum of Points and Authorities  (23-cv-02003-JSC)

13.)  Thereafter, pursuant to a custody order in the divorce proceedings of the patient's parents, the patient's mother authorized the minor patient to be vaccinated for school.  (*Id.*, at ¶¶ 15-19.) The patient's father disagreed with the mother's decision to vaccinate the minor patient and before the minor patient could be vaccinated, the father murdered the minor patient and then committed suicide. (*Id.*, at ¶ 19.)

After the decedent's mother filed a complaint, the Medical Board served Plaintiff with an Investigational Subpoena seeking medical records of the decedent minor.  (*Id.*, at ¶¶ 20-22.) When Plaintiff refused to comply, the Medical Board filed Petition No. CPF-22-517660 in the County of San Francisco Superior Court to enforce its subpoena.  (RJN, Ex. 3.)  Subsequently, the Medical Board filed the Accusation against Plaintiff's medical license alleging gross negligence. (RJN, Ex. 2.)  Following a hearing, the Medical Board's Decision revoking Plaintiff's physician's and surgeon's license became effective on February 27, 2023. (RJN, Ex. 1.)  Plaintiff did not seek judicial review of the Medical Board's final determination.

Since the Medical Board commenced its investigation, and later filed the Accusation, Plaintiff has filed matters in three separate courts against the Medical Board, Rob Bonta, and DOJ employees.[2]  He has been unsuccessful in both state and federal courts, though one matter has been remanded back to small claims court.

Two months after the Medical Board's final determination on the Accusation, Plaintiff filed this action against Defendants requesting unspecified declaratory relief for alleged due process violations during the Medical Board's administrative disciplinary action (the Accusation). (ECF 2.)

///

///

///

---

[2] *Hulstedt v. State of California, et al.*, Monterey County Superior Court, Case No. 22-CV-001522, (RJN, Ex. 4); *Hulstedt v. Thomas Ostly, et al.*, Alameda County Superior Court, Small Claims – Case No. 22-sc-018927, (RJN, Ex. 5) – the United States removed the case to the United States District Court, Northern District of California, Case No. 22-cv-07439-HSG, (RJN, Ex. 6); *Hulstedt v. Medical Board of California*, United States District Court, Northern District of California, Case No. 22-cv-06688-HSG, (RJN, Ex. 7).

1

2

**III.**

**LEGAL STANDARD**

3          This Motion to Dismiss is brought pursuant to Rule 12(b) of the Federal Rules of Civil

4   Procedure.  As discussed in greater detail below, this court lacks subject matter jurisdiction,

5   necessitating dismissal under Rule 12(b)(1).  Even if subject matter jurisdiction existed, Plaintiff

6   fails and is unable to state a claim upon which relief can be granted, necessitating dismissal per

7   Rule 12(b)(6) without leave to amend.

8          **A.     Federal Rules of Civil Procedure, Rule 12(b)(1)**

9          Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss for lack of

10   subject matter jurisdiction.  The plaintiff has the burden to establish that subject matter

11   jurisdiction is proper.  *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir.

12   2000); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that

13   "[i]t is to be presumed that a cause lies outside . . . [a federal court's] jurisdiction, and the burden

14   of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted).  To

15   meet this burden, the pleading party must show "affirmatively and distinctly the existence of

16   whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236

17   F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Where

18   the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the

19   complaint without leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

20   (9th Cir. 2003) (internal citations omitted).  As discussed in detail below, Plaintiff cannot

21   establish subject matter jurisdiction because the state determination underlying his claims has

22   become final.

23          **B.     Federal Rules of Civil Procedure, Rule 12(b)(6)**

24          "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

25   legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela*

26   *Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to

27   dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

28   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a

3

Notice of Motion and Motion of Defendants Rob Bonta and Laurie Rose Lubiano to Dismiss Complaint;
Memorandum of Points and Authorities  (23-cv-02003-JSC)

1  plaintiff pleads "factual content that allows the court to draw the reasonable inference that the

2  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

3  reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as

4  true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.*

5  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do

6  not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

7  unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

8  (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

9      "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards

10  than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

11  omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential

12  elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska,* 673

13  F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure," *Ghazali v.*

14  *Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim

15  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).  Dismissal is appropriate and

16  leave to amend need not be granted when the defects in a pleading are not capable of correction

17  through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

18                                    **IV.**

19                          **LEGAL ARGUMENT**

20  **A.    THE FINAL DECISION OF THE MEDICAL BOARD PRECLUDES
             PLAINTIFF'S CHALLENGE HERE**

21

22      To the extent that Plaintiff's references to Constitutional rights might be construed as a

23  challenge under 42 U.S.C. § 1983 to the Medical Board's decision revoking his license, his

24  claims are precluded because he failed to exhaust mandatory state judicial remedies and the

25  decision of the Medical Board has become final.

26      On February 27, 2023, the Medical Board's Decision revoking Plaintiff's physician's and

27  surgeon's license became effective. (RJN, Ex. 1.)  California Government Code section 11523

28  provides for subsequent judicial review and states as follows: "*[j]udicial review may be had by*

                                            4

1    *filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil*

2    *Procedure, . . . . Except as otherwise provided in this section, the petition shall be filed within 30*

3    *days after the last day on which reconsideration can be ordered. . . .*"  (Emphasis added.)

4    Thereunder, a petitioner may request a complete record of the proceedings, or any parts thereof

5    requested, which the agency or petitioner may file with the court for consideration in the judicial

6    review.  *Id*.  Plaintiff had until March 29, 2023 (30 days after the effective date of Medical Board

7    Decision), to seek judicial review by filing a petition for writ of mandate.  Cal. Govt. Code, §

8    11523.  Plaintiff did not file a petition for a writ of mandate under section 11523.

9          Plaintiff's federal claims are precluded.  "Under federal common law, federal courts accord

10   preclusive effect to state administrative proceedings that meet the fairness requirements of *United*

11   *States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966)."  *Doe v. Regents of the Univ. of*

12   *California*, 891 F.3d 1147, 1154 (9th Cir. 2018).  The fairness of a state administrative

13   proceeding is evaluated "by resort to both the underlying administrative proceeding and the

14   available judicial review procedure."  *Id*., (citing *Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th

15   Cir. 1999)).  A petition for a writ of administrative mandamus under California Code of Civil

16   Procedure section 1094.5 (section 1094.5) provides "an adequate opportunity for de novo judicial

17   review."  *Id*., at 1154-55 (citations omitted).  Plaintiff did not file a petition for writ of

18   administrative mandamus under section 1094.5.

19         Because California has adopted the *Utah Construction* standard, preclusive effect is given

20   "to a state administrative decision if the California courts would do so."  *Regents*, 891 F.3d at

21   1155.  As a general matter under California law, "unless a party to a quasi-judicial proceeding

22   challenges the agency's adverse findings made in that proceeding, by means of a mandate action

23   in superior court, those findings are binding in later civil actions."  *Johnson v. City of Loma*

24   *Linda*, 24 Cal. 4th 61, 70-71 (2000) (quotations omitted).  "A party must exhaust judicial

25   remedies by filing a section 1094.5 petition, the exclusive and 'established process for judicial

26   review' of an agency decision," *Regents*, at 1154-55 (citations omitted), which Plaintiff failed to

27   do.

28

1    "The theory of the issue-preclusion cases . . . is that when a state agency acting in a

2    proceeding in a judicial capacity resolves disputed issues of fact properly before it which the

3    parties have had adequate opportunity to litigate, federal courts must give the agency's fact-

4    finding the same preclusive effect it would have in state courts." *McDaniel*, 44 Cal.App.4th at

5    1621-22 (citing *Briggs v. City of Rolling Hills Estates*, 40 Cal.App.4th 637, 646-647 (1995);

6    *University of Tennessee v. Elliott*, 478 U.S. 788, 796-799 (1986); *Brosterhous v. State Bar*, 12

7    Cal.4th 315, 335 (1995)).  "The rule is based on respect for the agency's quasi-judicial fact-

8    finding procedure." *Westlake Community Hosp. v. Superior Court* ,17 Cal.3d 465, 484 (1976).

9        Plaintiff filed neither a petition for writ of mandate under California Government Code

10   section 11523, nor a petition under section 1094.5.  Hence, Plaintiff did not exhaust his available

11   remedies. Therefore, the Medical Board's decision is final, has preclusive effect, and requires

12   dismissal of this action with prejudice.

13   **B.    THIS ACTION IS BARRED BY SOVEREIGN IMMUNITY TO THE EXTENT
        PLAINTIFF SEEKS TO INVALIDATE THE STATE'S ORDER REVOKING
14      HIS MEDICAL LICENSE**

15       Should the complaint be read to request that this court to undo or revisit the state's actions

16   revoking Plaintiff's medical license, or to keep the state from enforcing state laws against him,

17   this action is also barred by sovereign immunity.  The Eleventh Amendment prohibits a private

18   party from suing a nonconsenting state or its agencies in federal court.[3] *See Board of Trustees of*

19   *Univ. of Alabama v. Garrett*, 531 U.S. 356, 363; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62,

20   72–73 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54.  The Eleventh Amendment

21   bars suits against state agencies as well as actions where the state itself is named as a defendant.

22   *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir.

23   1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding

24   that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment

25   immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).

26

27   _____

        [3] The Eleventh Amendment provides: "The Judicial power of the United States shall not
28   be construed to extend to any suit in law or equity, commenced or prosecuted against one of the
        United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

By providing states with immunity from suit in certain instances, the Eleventh Amendment curtails the Court's jurisdiction.  *See Seminole Tribe*, 517 U.S. at 54 ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states was not contemplated by the Constitution when establishing the judicial power of the United States.").

To the extent the Complaint seeks to revisit the Board's decision revoking his license against Defendants, sued in their official capacity, these claims are barred.  "Such actions are, in essence, brought against the state entity of which the officer is an agent.  See *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982).  The Eleventh Amendment bars such actions in the absence of a waiver."  *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 714 F.2d 946, 952 (9th Cir. 1983).  Plaintiff's request that the court "protect my beneficial property Rights against Trespass or Breach of Fiduciary-Trust with intended damage done" suggests he is asking the court to undo his license revocation, or to restore his license to practice medicine going forward, under whatever laws might be available – federal or state. (ECF No. 1, pp. 1, 3.) Though the Eleventh Amendment does not "bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law" (*Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012), to the extent Plaintiff seeks retrospective relief, his claims are barred and this action should be dismissed.

**C.    PLAINTIFF FAILS AND IS UNABLE TO STATE A COGNIZABLE CLAIM AGAINST EITHER DEFENDANT**

For reasons left unexplained in his Complaint, Plaintiff has individually named Defendants California's Attorney General Bonta and Lubiano.  Plaintiff has not articulated any facts relevant to his claims.  He does not allege any wrongful acts by these state officials, nor does he articulate any request for declaratory relief or injunction. Based on their respective prosecutorial and adjudicatory roles in the administrative licensing action, Defendants Bonta and Lubiano are immune.  To the extent that the Complaint challenges other actions, or seeks other relief, Plaintiff fails to identify a cognizable legal theory or sufficient facts from which one might be construed.  *Mendiondo,* 521 F.3d 1097, 1104 (9th Cir. 2008).

7

Notice of Motion and Motion of Defendants Rob Bonta and Laurie Rose Lubiano to Dismiss Complaint; Memorandum of Points and Authorities  (23-cv-02003-JSC)

1    Except for the caption, Plaintiff never once mentions Defendant Lubiano or any basis for

2  her liability as a defendant in this matter.  (*See,* ECF 1.)  References to Defendant Bonta are

3  equally sparse.  *Id.*  Plaintiff fails and is unable to allege enough facts about either Defendant to

4  allow the court to draw a reasonable inference of liability for the misconduct alleged in the

5  pleading.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  No facts are provided to show how

6  either Defendant is responsible for any deprivation of Plaintiff's rights or to support his allegation

7  of "attempts to overthrow the government by sworn fiduciary officers."  (ECF 1, at pp. 1, 3.)

8  While a pro se plaintiff is held to a less stringent standard than formal pleadings drafted by

9  lawyers, his claims must be set forth in short and plain terms, simply, concisely and directly.  *See*

10  *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a

11  simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed.

12  R. Civ. P. 8(a).  Plaintiff's allegations fail to comply with Federal Rules of Civil Procedure Rule

13  8(a).

14    Finally, even if Plaintiff could allege a cognizable claim against Defendants Bonta and

15  Lubiano for their state prosecutorial and adjudicatory actions, both would be entitled to absolute

16  immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (In initiating a prosecution and in

17  presenting the State's case, the prosecutor is immune from a civil suit for damages under section

18  1983); *Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 924 (9th Cir. 2004) (Because

19  "disciplinary proceedings and the revocation of a physician's . . . license are acts that are likely to

20  stimulate numerous damages actions . . .granting absolute immunity ensures that those

21  performing these quasi-judicial functions are accorded protection from harassment and

22  intimidation.").

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For the forgoing reasons, Defendants' motion to dismiss should be granted, without leave to amend.

Dated:  June 23, 2023                    Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California

                                         *Greg W. Chambers*

                                         GREG W. CHAMBERS
                                         Supervising Deputy Attorney General
                                         *Attorneys for Defendants Rob Bonta,*
                                         *Attorney General, and Laurie Rose Lubiano*

9

## <u>DECLARATION OF SERVICE BY CERTIFIED MAIL AND EMAIL</u>

Case Name:   **Hulstedt v. Bonta et al.**

Case No.:     **5:23-cv-02003-JSC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>June 23, 2023</u>, I served the attached **NOTICE OF MOTION AND MOTION OF DEFENDANTS ROB BONTA AND LAURIE ROSE LUBIANO TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope as certified mail and return receipt requested, in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013-1230. In addition, I served the attached **NOTICE OF MOTION AND MOTION OF DEFENDANTS ROB BONTA AND LAURIE ROSE LUBIANO TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** by transmitting a true copy via electronic mail, addressed as follows:

**Douglas Vern Hulstedt, M.D.**
2511 Garden Road, Building -C#100
Monterey, CA 93940
Email: <u>doughulstedt314@gmail.com</u>

I declare under penalty of perjury under the law of the State of California the foregoing is true and correct and that this declaration was executed on June 23, 2023, at Los Angeles, California.

| | |
|---|---|
| Jusua Barbosa | |
| Declarant | Signature |