1   ROB BONTA
    Attorney General of California
2   GREG W. CHAMBERS
    Supervising Deputy Attorney General
3   State Bar No. 237509
      455 Golden Gate Avenue, Suite 11000
4     San Francisco, CA  94102-7004
      Telephone:  (415) 510-3382
5   Fax:  (415) 703-5480
      E-mail:  Greg.Chambers@doj.ca.gov
6   *Attorneys for Defendants Rob Bonta, Attorney*
    *General, and Laurie Rose Lubiano*

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  **DOUGLAS VERN HULSTEDT,** | Case No. 23-cv-02003-JSC |
| 12                        Plaintiff, | **OPPOSITION TO MOTION FOR MANDATORY JUDICIAL NOTICED** |
| 13          **v.** | **EVIDENCE [ECF 44]**[1] |
| 14  **ROB BONTA, ATTORNEY GENERAL,** | Date:          August 3, 2023 |
| 15            **ET AL.** | Time:          10:00 a.m. |
|  | Courtroom:   8 – 19th Floor |
|  | Judge:        Hon. Jacqueline Scott Corley |
| 16                        Defendants. | Trial Date:    None Set |
|  | Action Filed:  October 31, 2022 |

17

18                                    **I.**

19                              **INTRODUCTION**

20        Plaintiff's meandering motion makes little sense other than as a grievance to a previously

21   adjudicated state disciplinary hearing.  As noted in Defendants' Motion to Dismiss [ECF 38],

22   Plaintiff is barred from bringing a claim against Defendants after failing to avail himself of state

23   mandated remedies.  This motion does little to change that fact.  The motion should be dismissed.

24

25        [1] Plaintiff's Motion [ECF 44] is titled "Motion for Mandatory Judicial Noticed Evidence
     Concerning 'Forced Representation' of a Corporation by the Attorneys who act in Concert to
26   Deprive Rights for the Judge to Take Notice and Make an Appealable Ruling on the Hearing Date
     Below as to Why Rights Were not Protected and to Stop and Correct the Wrongs and as Noted
27   That the California Courts Routinely [sic] use and Force Non-Attorneys to Hire a so Called
     Licensed Attorneys [sic] to Represent Their Corporations, See Merco Construction Engineers v.
28   Municipal Court,"

                                        1

## II.

## STATEMENT OF FACTS

The Medical Board of California (Medical Board) is a regulatory agency of the State of California, charged by statute with investigating complaints made by the public against physicians for unprofessional conduct. Cal. Bus. & Prof. Code, § 2220, subd. (a). Plaintiff was a licensed physician – the facts regarding the Medical Board's disciplinary case against him, and the factual underpinning for the present case, follow.

I.      *In the Matter of the Accusation Against Douglas Vern Hulstedt, M.D.*

In 2015 and 2017, Plaintiff issued vaccination exemptions for a minor patient at the request of the patient's father.  Thereafter, pursuant to a custody order in the divorce proceedings of the patient's parents, the patient's mother authorized the minor patient to be vaccinated for school.  The patient's father disagreed with the mother's decision to vaccinate the minor patient and before the minor patient could be vaccinated, the father murdered the minor patient and then committed suicide.

After the decedent's mother filed a complaint, the Medical Board served Plaintiff with an Investigational Subpoena seeking medical records of the decedent minor.  When Plaintiff refused to comply, the Medical Board filed Petition No. CPF-22-517660 in the County of San Francisco Superior Court to enforce its subpoena.  Subsequently, the Medical Board filed the Accusation against Plaintiff's medical license alleging gross negligence.  Following a hearing, the Medical Board's Decision revoking Plaintiff's physician's and surgeon's license became effective on February 27, 2023.  Plaintiff did not seek judicial review of the Medical Board's final determination.

Since the Medical Board commenced its investigation, and later filed the Accusation, Plaintiff has filed matters in three separate courts against the Medical Board; a board member; Rob Bonta, Attorney General; and California Department of Justice employees.  Plaintiff has been unsuccessful in both state and federal courts, though one matter has been remanded back to small claims court.

III.

LEGAL ARGUMENT

A.      PLAINTIFF'S MOTION FAILS AS A MATTER OF LAW

Plaintiff's motion makes no legal sense and should be dismissed with prejudice.  Plaintiff appears to be asking this Court to force the Medical Board to reconsider is disciplinary action, arguing that he, who is unlicensed to practice law in California, was forced to represent a corporation at the Medical Board disciplinary hearing.  [ECF 44, pp. 5-7:5-17.]  Plaintiff presents no evidence to support that contention.  Plaintiff presents no evidence that the Medical Board can even issue a physician's and surgeon's certificate (medical license) to a corporation.  Plaintiff's own filing shows that the Medical Board disciplinary hearing pertained to the medical license issued to Plaintiff on December 30, 1985.  [ECF 44, pp. 13-29.]  Plaintiff's motion cites to a single irrelevant case then attaches a number of exhibits.  Plaintiff offers no authority to support this position – because there is none.  He provides no facts to support his position – because there are none.  Plaintiff's medical license was disciplined by the Medical Board, not some corporation's.  Plaintiff had every opportunity to request the statutorily permitted judicial review of the underlying state action, which was exclusively available via a petition for writ of mandate.  Plaintiff chose not to do so.  Instead, he filed a barrage of papers in various courts in Northern California.[2]

As noted in previous filings, Plaintiff's claims are precluded in this litigation.  [ECF 38.]  Plaintiff failed to exhaust mandatory state remedies for judicial review by filing a petition for writ of mandate (under California Code of Civil Procedure section 1094.5, in accordance with California Government Code section 11523) after the decision of the Medical Board became final on February 27, 2023.

"Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining*

---

[2] *Hulstedt v. Thomas Ostly, et al.*, Alameda County Superior Court, Small Claims – Case No. 22-sc-018927 – the United States removed the case to the United States District Court, Northern District of California, Case No. 22-cv-07439-HSG; *Hulstedt v. Medical Board of California*, United States District Court, Northern District of California, Case No. 22-cv-06688-HSG.

3

1  *Co.*, 384 U.S. 394 (1966)." *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th

2  Cir. 2018).  Because California has adopted the *Utah Construction* standard, preclusive effect is

3  given "to a state administrative decision if the California courts would do so."  *Regents*, 891 F.3d

4  at 1155.  As a general matter under California law, "unless a party to a quasi-judicial proceeding

5  challenges the agency's adverse findings made in that proceeding, by means of a mandate action

6  in superior court, those findings are binding in later civil actions."  *Johnson v. City of Loma*

7  *Linda*, 24 Cal. 4th 61, 70-71 (2000) (quotations omitted).  "A party must exhaust judicial

8  remedies by filing a section 1094.5 petition, the exclusive and 'established process for judicial

9  review' of an agency decision," *Regents*, at 1154-55 (citations omitted), which Plaintiff failed to

10  do.  Plaintiff never filed a petition for writ of mandate under California Code of Civil Procedure

11  section 1094.5, in accordance with California Government Code section 11523, and he never

12  argues otherwise.  Hence, Plaintiff did not exhaust his available state remedies for judicial review.

13  The Medical Board's decision is final, has preclusive effect, and requires dismissal of this action

14  with prejudice.  This motion does not dispel those facts.  The filing is just another in the long ling

15  of meritless filings endured by defendants and courts since Plaintiff failed to follow the law.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**CONCLUSION**

Defendants Rob Bonta, Attorney General, and Laurie Rose Lubiano, a member of the Medical Board, respectfully request that the Court deny Petitioner's Motion for Mandatory Judicial Noticed Evidence. Petitioner lost his property right – his medical license – not his personal liberty rights, and there is no evidence that his medical license was ever held by a corporation. Subsequently, Petitioner has filed actions and motions in multiple courts, some of which are still pending. Petitioner presents neither law nor facts to support his motion; indeed, there is none. Petitioner has failed to follow statutory requirements leaving this Court with no alternative but to deny the motion.

Dated:  July 19, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

*Greg W. Chambers*

GREG W. CHAMBERS
Supervising Deputy Attorney General
*Attorneys for Defendants Rob Bonta,*
*Attorney General, and Laurie Rose Lubiano*

5

## DECLARATION OF SERVICE BY CERTIFIED MAIL AND EMAIL

Case Name:    **Hulstedt v. Bonta et al.**

Case No.:    **3:23-cv-02003-JSC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>July 19, 2023</u>, I served the attached **OPPOSITION TO MOTION FOR MANDATORY JUDICIAL NOTICED EVIDENCE [ECF 44] 1** by placing a true copy thereof enclosed in a sealed envelope as certified mail and return receipt requested, in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230. In addition, I served the attached **OPPOSITION TO MOTION FOR MANDATORY JUDICIAL NOTICED EVIDENCE [ECF 44]1** transmitting a true copy via electronic mail, addressed as follows:

**Douglas Vern Hulstedt, M.D.**
2511 Garden Road, Building -C#100
Monterey, CA 93940
Email: doughulstedt314@gmail.com

Certified Article Number

9414 7266 9904 2197 6534 46

SENDER'S RECORD

I declare under penalty of perjury under the law of the State of California the foregoing is true and correct and that this declaration was executed on July 19, 2023, at Los Angeles, California.

| Jusua Barbosa | |
| --- | --- |
| Declarant | Signature |

SF2023400897