ROB BONTA
Attorney General of California
GREG W. CHAMBERS
Supervising Deputy Attorney General
State Bar No. 237509
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3382
  Fax:  (415) 703-5480
  E-mail:  Greg.Chambers@doj.ca.gov
*Attorneys for Defendants Rob Bonta, Attorney General, and Laurie Rose Lubiano*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS VERN HULSTEDT,**<br><br>                            Plaintiff,<br><br>v.<br><br>**ROB BONTA, ATTORNEY GENERAL, ET AL.**<br><br>                            Defendants. | Case No. 23-cv-02003-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          July 27, 2023<br>Time:         10:00 a.m.<br>Courtroom:  8 – 19th Floor<br>Judge:        Hon. Jacqueline Scott Corley<br>Trial Date:   None Set<br>Action Filed: October 31, 2022 |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and the Clerk's Notice Rescheduling Initial Case Management Conference [ECF 35], Plaintiff Douglas Vern Hulstedt ("Plaintiff") and Defendants Rob Bonta and Laurie Rose Lubiano ("Defendants") jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for July 27, 2019.

**1.    JURISDICTION AND SERVICE**

Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Defendants argue that this Court does not have jurisdiction; that Plaintiff is precluded from bringing these claims against them.

Plaintiff waits on the appearance of the State Bar of California.  [ECF 47.]

## 2. FACTS

### A. Claimants Description of the Case

Claimant reserves the right to amend and make corrections and *supplemental ads* but Defendants continue to deny due-process concerning any mistakes of this non-attorney and attempting to make a denial of rights of this very record. The fact that Defendants deny jurisdiction is outrageous as concerns/claims of 5th amendment violations *et. al.* continuing and after the fact by the damage done by the taking of License without due-process by Attorneys. "Panoply of Due Process" *per the* Medical Boards own requirements in which was not provided to me as a non-attorney and forced to represent the corporate entity DOUGLAS VERN HULSTEDT, M.D. Claimant has been denied rights at all levels during the Medical Board of California, Small Claims Court, Removal, Injunction, Habeas Corpus, Interlocutory Appeal, and continuing with this Right of Review, Attorneys refuse to answer and using the <u>standard</u> 12b 6 motion and other <u>*chicanery type tactics*</u> to deprive me of my life's work of 43 plus years. Attorneys *et. al.* are refusing to protect rights of this non-attorney and obviously the Medical Boards tactics for relief are "rigged" in their favor by the Attorneys *et. al.* Instead of just answering my claims so I can start depositions and discovery the Attorneys continue to waste taxpayer funds to cover up "Their" crimes. Haywood S. Gilliam, Jr. in case no. 22cv07439 silenced me under threat of sanctions from filing due-process claims against the 1st Amendment when in fact the Attorneys Scharf removed the case from Small Claims and then refused to identify with motions for identity that were entered on the docket after fees were tendered for "Honest Services". The crux of this is that I did not sue <u>The United States of America,</u> I sued <u>The United States</u> a different entity clearly challenged multiple times on these various court of records. Haywood S. Gilliam, Jr. in case no. 22cv07439 (*on appeal for second time*) did <u>not</u> have subject-matter-jurisdiction but made rulings without due-process anyway and then said "They" *the* Attorneys *et.al. have* immunity. Greg W. (?) Chambers an Attorney and Defendant for Copyright Trespass *et.al.* continues his unfounded movements by his Perjury of Oath along with other Attorneys attempting to bring other Court Officers into some kind of

**Conspiracy-Scheme to Overthrow The United States Government *ex rel*. Further 6 months have passed since 2 Tort Claims against the Attorneys <u>Scharf</u> and <u>Cox</u> now being <u>DEFAULTED</u> and admitted which now is cause for additional suits. I reserve the right to amend even though it is not necessary, in the interest of justice the Court should in fact order Defendants to answer and to answer the Habeas Corpus for testimony against Bonta and surely this case can be settled and or order the parties to settlement discussions. I have no plans to <u>*lay down*</u> and have my property that's has been taken without due-process by the Attorneys, this in fact is the jurisdiction of this courts job as federal questions despite any defects by this non-attorney. The term "sovereign immunity" keeps being entered by the Attorneys this is false for various reasons one being The United States is Bankrupt and is a Corporation, see the Clearfield Doctrine. The Attorneys keep saying my claims are not "cognizable" even though they have all the elements of a claim <u>*sworn and verified*</u> and are written at a 12th grade comprehension level. Lastly the State Bar of California <u>*as one of*</u> the "<u>*insurers*</u>" of the Attorneys *et. al.* have been duly served by certified-mail all throughout this case and given the waiver form but refuse to answer. I have made the attempt by a licensed process server that went to the location of service and was refused. I am currently attempting to do it another way. This is outrageous behavior by the <u>*witnessing*</u> Attorneys who are members of the B.A.R. who are supposed to know the Law and to protect both sides of the Law. <u>OBVIOSLY THEY DON'T CARE!</u>**

<b>By the <i>Douglas Vern Hulstedt</i></b>

### B.  Defendants' Description of the Case

Plaintiff's medical license was revoked by the Medical Board of California (Medical Board) for gross negligence, a final administrative determination he did not challenge by filing an administrative writ.  To the extent the Complaint challenges the Medical Board's determination, these claims are precluded as that decision is final and cannot be collaterally attacked here.  To the extent the Complaint seeks a retrospective declaration invalidating the Medical Board's determination, such claims are also barred by sovereign immunity.  Additionally, Plaintiff fails

and is unable to state any cognizable claims against Defendants. Having previously filed a similar case against the Medical Board (4:22-cv-06688 HSG, *Hulstedt v. Medical Board of California*), Plaintiff know names individuals representing state agencies.

**3.   LEGAL ISSUES**

The parties dispute the following legal issues: whether Plaintiff is precluded from bringing this claim; whether the action is barred by sovereign immunity; and whether Plaintiff failed to state cognizable claims.

**4.   MOTIONS**

<u>Pending Motions.</u>  Plaintiff filed a motion for summary judgment. [ECF 36.] Defendants filed a motion to dismiss that is scheduled to be heard on August 3, 2023. [ECF 38.] Plaintiff has filed other motions to be heard by the Court. [ECF 3; ECF 9; ECF 10; ECF 11; ECF 36; ECF 44; ECF 45; and ECF 46.]

<u>Discovery Motions.</u>  Plaintiff anticipates the use of discovery motions to obtain responsive discovery if the August 3, 2023 hearing on Defendants dispositive motion does not conclude this matter.

<u>Pre-Trial Motions.</u>  The parties anticipate filing additional dispositive motions.

**5.   AMENDMENT OF PLEADINGS**

Defendants are unaware of any amended pleadings.

**6.   EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

**7.   DISCLOSURES**

The parties have not met and conferred pursuant to Rule 26. Defendants are exempt pursuant to Rule 26(1)(B)(i).

**9.   CLASS ACTIONS**

This case is not a class action.

**10.  RELATED CASES**

There are no currently related cases. On May 8, 2023, Magistrate Judge Nathanael

Cousins issued a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship with 4:22-cv-06688 HSG, *Hulstedt v. Medical Board of California, and others,* and 4:22-cv-07439 HSG, *Hulstedt v. State of California, and others.* [ECF 7.] On May 19, 2023, the Honorable Haywood S. Gilliam, Jr. determined this matter was not related to 4:22-cv-06688 HSG, ECF 22, which he dismissed, or 4:22-cv-07439 HSG, which he dismissed in part and remanded to state court in part.

**11.  RELIEF**

Plaintiff seeks the following declaratory relief from the Court from a state administrative disciplinary hearing.

Defendant seeks an order dismissing Plaintiff's Complaint with prejudice in all respects.

**12.  SETTLEMENT AND ADR**

The parties have complied with ADR Local Rule 3-5 and have filed the required ADR certification documents. [ECF 41.]

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties did not consent to have a magistrate judge conduct all further proceedings in this matter. Defendants consented [ECF 16]; Plaintiff did not. [ECF 27.]

**14.  OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, or a special master. Plaintiff requests declaratory relief.

**15.  NARROWING OF ISSUES**

All parties anticipate filing one or more dispositive motions.

**16.  EXPEDITED TRIAL PROCEDURE**

Plaintiff requests declaratory relief. This case is not the type of case that would benefit from the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.  SCHEDULING**

The parties have not agreed on a proposed schedule. As Plaintiff requests declaratory relief initial, ADR would be unfruitful and the use of experts unnecessary. Defendants have a dispositive motion set for August 3, 2023.

**18.  TRIAL**

1    This case is not suitable for trial.  Plaintiff requests declaratory relief.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants Bonta and Lubiano are being sued as state agency actors.

**20.    PROFESSIONAL CONDUCT**

The attorneys of record for Defendants Bonta and Lubiano certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///
///
///
///
///
///

**21.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties present no other matters at this time.

Dated: July 18, 2023            **By the** *Douglas Vern Hulstedt*

Dated: July___2023
                                Counsel for Defendants