Douglas Vern Hulstedt
℅ 2511 Garden Road, Building - C # 100
Monterey, California 93940
Tel: (831) 899-5900
*Claimant/Witness/Beneficiary and
Wishing for an "Honest-Attorney"*



FILED
JUL 24 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Douglas Vern Hulstedt** <br><br> *Claimant/Witness/Beneficiary; Adversely Affected and Aggrieved* <br><br> Vs. <br><br> **Robert Andres Bonta, Attorneys, #202668, Laurie Rose Lubiano, Attorneys #152171, STATE BAR OF CALIFORNIA *[CHARTER]* =** *Insurance-Guarantors by the Bar # Policies,* <br><br> *Defendants et.al;* <br><br> Does/Roes 1-25; <br><br> **Greg W.(?) Chambers, Attorneys, #237509** <br> *Defendant/Trespasser* <br> *Doe #1 et.al;* | Case No: 23CV02003-JSC <br><br> **MOTION-NOTICE-F.O.I.A.** LAWFUL DIRECTIONS BY NOTICE TO THE CLERK OF THE COURT TO PRODUCE THE DEPOSIT SLIP AND IDENTIFICATION OF WHERE TENDER OF PAYMENT WAS DEPOSITED BY THE ACCOUNT IDENTIFICATION AND F.O.I.A. TO THE UNITED STATES POSTAL SERVICE TO CONFIRM THE ACCOUNT IDENTIFICATION TO BE ENTERED ON TO THIS DOCKET, THIS TO "INSURE" DUE-PROCESS WITHOUT A CONFLICT OF INTEREST BY THE FIDUCIARIES-PRESIDING, A WRITTEN APPEALABLE RULING IN LAW AND FINDINGS OF FACT ARE APPLICABLE TO THIS MOTION-NOTICE-F.O.I.A., <br><br> EXHIBIT 1 = POSTAL MONEY ORDER, EXHIBIT 2 = WAIVER FORM PROVIDED, <br><br> METHOD OF PROCESS, <br><br> DATE: JULY 27, 2023, <br> TIME: 1:30 P.M., <br> ROOM: 8-19TH FLOOR, <br> JUDGE: Jacqueline Scott Corley, #173752; |

~ 1 ~

MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt

1. *To All Officers and Employees of the UNITED STATES DISTRICT COURTS; I, a*
2. *man in the Name of Lord Almighty I accept your Oath(s), bind you to the same and*
3. *command you do justice. I waive all customary rules of law and other procedural*
4. *impediments, I am not an attorney nor am I trained in law and I expect my rights to be*
5. *protected by thee Public-Fiduciaries……..."Witnesses";*
6. 
7. *MOTION-NOTICE-F.O.I.A. "ORDER"* by the Beneficiary having
8. the Right to Claim about Wrongs being Committed by Attorneys/Trustees/Publishers
9. /Copyright-Works-Trespassers/Witnesses *and* by accepting the "**Valid**" "**Oath of**
10. **Office**" of any Public-Fiduciary-Trustee or "**Placeholder-Witness**" concerning these
11. matters for the equal protections of the law with my Adoption of the Bill of Rights for
12. the Due-Processes and by accepting the public record "**Official-Bonds**" or any other
13. "**Insurance-Policies**" that may apply concerning fraud or employee misconduct/
14. dishonesty and by entering and the making of this **MOTION-NOTICE F.O.I.A.**
15. **PRODUCE THE DEPOSIT SLIP AND IDENTIFICATION OF WHERE**
16. **TENDER OF PAYMENT WAS DEPOSITED** before this Court of Record by the
17. Article III Venue as the Claimant/Witness/Beneficiary to protect my Beneficial Property
18. Rights against Trespass or **Breach of Fiduciary-Trust, "Dishonest-Services"**,
19. *continuing*, "I", Douglas Vern Hulstedt, *a man* stake this **Claim** for **"Right to Due-**
20. **Process before Property** *is taken or damaged or slandered or placed in custody or*
21. *else or done*", by the *knowledge of this* MOTION-NOTICE F.O.I.A. PRODUCE
22. **THE DEPOSIT SLIP AND IDENTIFICATION OF WHERE TENDER OF**
23. **PAYMENT WAS DEPOSITED** for the **"Due-Process to be Restored and**
24. **Compensated for the Damages"**. **NOTE:** The citation of state and federal statutes,
25. codes, rules, regulations, and court citations, within any document-contract created by
26. me and not copyrighted by me, is only to notice my servants that which is applicable to
27. them and is not intended, nor shall be construed, to mean that I confer, submit to, claim
28. 

~ 2 ~

1  rights to or have entered into any jurisdiction alluded to thereby, by the following **_11.2_**
2  **_Grade-Comprehension-Level per the Flesch-Kincaid this Document-Contract-Claims;_**
3  MOTION-NOTICE-F.O.I.A. LAWFUL DIRECTIONS BY NOTICE TO THE
4  CLERK OF THE COURT TO PRODUCE THE DEPOSIT SLIP AND
5  IDENTIFICATION OF WHERE TENDER OF PAYMENT WAS DEPOSITED
6  BY THE ACCOUNT IDENTIFICATION AND F.O.I.A. TO THE UNITED
7  STATES POSTAL SERVICE TO CONFIRM THE ACCOUNT
8  IDENTIFICATION TO BE ENTERED ON TO THIS DOCKET, THIS TO
9  "INSURE" DUE-PROCESS WITHOUT A CONFLICT OF INTEREST BY THE
10 FIDUCIARIES-PRESIDING, A WRITTEN APPEALABLE RULING IN LAW
11 AND FINDINGS OF FACT ARE APPLICABLE TO THIS MOTION-NOTICE-
12 F.O.I.A., EXHIBIT 1 = POSTAL MONEY ORDER, EXHIBIT 2 = WAIVER
13 FORM PROVIDED, METHOD OF PROCESS, DATE: JULY 27, 2023
14 TIME: 1:30 P.M., ROOM: 8-19TH FLOOR, JUDGE: Jacqueline Scott Corley,
15 #173752;

# F.O.I.A. "ORDER" EXHIBIT 1
### TO BE _DOCKETED_ BY THE CLERK OF THE COURT
### FOR THE DUE-PROCESS-PROTECTION-EVIDENCES
### AND F.O.I.A TRACKING REQUEST TO AS FOLLOWS;

**DELIVERED TO FOR ACTION-RESPONSE:**

  PRIVACY AND RECORDS MANAGEMENT OFFICE
  U.S. POSTAL SERVICE
  475 L'ENFANT PLAZA SW
  WASHINGTON, DC 20260
  *By-Certified-Mail #* _____

~ 3 ~

MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt

# JUSTIFICATION-CLAIM

It is now well documented and claimed in and on the records by the Constructive-Trust-Case-No. Medical Board of California # 800-2021-079497 *and* State Case No. Small-Claims #22SC018927, *and* Federal Case Nos. 22CV07438/22CV06688-HSG/23CV02003-JSC that an ongoing and outright-defiant-attempt *after the fact* to "*overthrow*" The United States Government "*ex. rel.*" is being acted out by the "*Attorneys et.al.*" who refuse to "*identify and protect*" concerning these matters/contracts and at the same time "*damaging*" one of the people's rights, beneficial-interests and property in plain-view to SEE/WITNESSES! Greg W.(?) Chambers, Attorneys, #237509 "They" continue *acting* with "Unclean-Hands"

ALL RIGHTS RESERVED WAIVE-NONE;
*RESERVATION FOR ALL WRITS;*
*"FOR RESTRAINT OF LIBERTIES, NOW IN CUSTODY";*
*and Wishing for Honest-Attorney-Re-Presentations;*



:Flag: Title: ~4, Section: ~1-3

Verified by: *Douglas Vern Hulstedt*
The United States of America
Claimant/Witness/Injured
Beneficiary-Claimant *for*
DOUGLAS VERN HULSTED, M.D.
CORPORATION #3260008/A42397,
"Copyright-Claimant".

~ 4 ~

MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

~ 5 ~

**MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION**
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt





UNITED STATES POSTAL SERVICE®

# CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to Clerk to United States District Court

Address

KEEP THIS RECEIPT FOR YOUR RECORDS

Serial Number 28271140920

| Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|
| 2023-04-24 | 939400 | $402.00 | 38 |

UNITED STATES POSTAL SERVICE®

# POSTAL MONEY ORDER

Serial Number 28271140920

| Year, Month, Day | Post Office | U.S. Dollars and Cents |
|---|---|---|
| 2023-04-24 | 939400 | $402.00 |

Amount Four Hundred Two Dollars and 00/100 *************

Pay to Clerk to United States District Court

Clerk 38

From

Address

Address

Memo

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000008002⑆ 28271140920⑈

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

In the matter of procedural rules for       )
deposit and investment of registry funds   )         General Order No. 624

      The Court, having determined that it is necessary to adopt local procedures to ensure uniformity in the deposit and investment of funds in the Court's Registry,

      **IT IS ORDERED** that the following shall govern the receipt, deposit and investment of registry funds:

## I.   Receipt of Funds

A.   No money shall be sent to the Court or its officers for deposit in the Court's registry without a court order signed by the presiding judge in the case or proceeding.

B.   The party making the deposit or transferring funds to the Court's registry shall serve the order permitting the deposit or transfer on the Clerk of Court.

C.   Unless provided for elsewhere in this Order, all monies ordered to be paid to the Court or received by its officers in any case pending or adjudicated shall be deposited with the Treasurer of the United States in the name and to the credit of this Court pursuant to 28 U.S.C. § 2041 through depositories designated by the Treasury to accept such deposit on its behalf.

## II.   Investment of Registry Funds

A.   Unless otherwise ordered by a district judge, all funds deposited in the registry of the court in which the principal exceeds $4,999.99 are to be placed in an interest-bearing account. The Court Registry Investment System ("CRIS"), administered by the Administrative Office of the United States Courts under 28 U.S.C. § 2045, shall be the only investment mechanism authorized.

B.   The Director of Administrative Office of the United States Courts is designated as custodian for CRIS. The Director or the Director's designee shall perform the duties of custodian. Funds held in the CRIS remain subject to the control and jurisdiction of the Court.

C. Money from each case deposited in the CRIS shall be "pooled" together with those on deposit with Treasury to the credit of other courts in the CRIS and used to purchase Government Account Series securities through the Bureau of Public Debt, which will be held at Treasury, in an account in the name and to the credit of the Director of Administrative Office of the United States Courts. The pooled funds will be invested in accordance with the principals of the CRIS Investment Policy as approved by the Registry Monitoring Group.

D. An account for each case will be established in the CRIS titled in the name of the case giving rise to the investment in the fund. Income generated from fund investments will be distributed to each case based on the ratio each account's principal and earnings has to the aggregate principal and income total in the fund. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and distributed to each court participating in the CRIS and made available to litigants and/or their counsel.

### III. Deductions of Fees

A. The custodian is authorized and directed by this Order to deduct the investment services fee for the management of investments in the CRIS and the registry fee for maintaining accounts deposited with the Court.

B. The investment services fee is assessed from interest earnings to the pool according to the Court's Miscellaneous Fee Schedule and is to be assessed before a pro rata distribution of earnings to court cases.

C. The registry fee is assessed by the custodian from each case's pro rata distribution of the earnings and is to be determined on the basis of the rates published by the Director of the Administrative Office of the United States Courts as approved by the Judicial Conference of the United States.

### IV. Transition From Former Investment Procedure

A. The Clerk of Court is further directed to develop a systematic method of redemption of all existing investments and their transfer to the CRIS.

B. Parties not wishing to transfer certain existing registry deposits into the CRIS may seek leave to transfer them to the litigants or their designees on proper motion and approval of the judge assigned to the specific case.

C. This Order supersedes and abrogates all prior orders of this Court regarding the deposit and investment of registry funds.

IT IS SO ORDERED

DATED: January 25, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

_____
MARILYN L. HUFF, Judge
United States District Court

_____
IRMA E. GONZALEZ, Judge
United States District Court

_____
LARRY ALAN BURNS, Judge
United States District Court

_____
DANA M. SABRAW, Judge
United States District Court

_____
WILLIAM Q. HAYES, Judge
United States District Court

_____
JOHN A. HOUSTON, Judge
United States District Court

_____
ROGER T. BENITEZ, Judge
United States District Court

_____
JANIS L. SAMMARTINO, Judge
United States District Court

_____
MICHAEL M. ANELLO, Judge
United States District Court

_____
ANTHONY J. BATTAGLIA, Judge
United States District Court

_____
CATHY ANN BENCIVENGO, Judge
United States District Court

_____
GONZALO P. CURIEL, Judge
United States District Court

# Every Court case makes money for the court through Federal Reserve

Is there no end to the unjust enrichment? New concepts: "To the credit of the court" and "deposit into the court's registry" made through "depositories authorized to accept deposits on behalf of the Treasury Department of the United States." Each case has its own account! And the clerk is the "custodian of the account!" Gives new meaning to the phrase "the business of the court!" It ain't justice that's for sure.

Here you go! Columns and tables tell the story of the "CRIS" - Court Registry Investment System! It's a frikkin' money machine!

See attachment and search results below. It is frighteningly real!

Legalized plunder! And this isn't a conflict of interest and a financial interest how? Do you think they are paying any taxes on the "total aggregate income received" or the "income earned?" Rhetorical question.

"court registry investment system" 2,690 results!

Google Search Link

(if above link does not produce a search, just Google the phrase above in quotes)

Text from first link from New Hampshire US District Court Local Rules!

**67.2 Deposit of Registry Funds Into Interest-Bearing Account**
   a. **Receipt of Funds.**
      1. Unless an applicable statute requires the deposit of funds without leave of court, no funds governed by Fed. R. Civ. P. 67 shall be tendered to the court or the clerk's office _for deposit into the court's registry_ absent court order signed by a judge.
      2. _All funds received by the court or the clerk's office for any case pending or in the process of adjudication shall be deposited with the Treasurer of the United States, in the name and to the credit of this court, pursuant to 28 U.S.C. § 2041. Such deposits shall be made through depositories authorized to accept deposits on behalf of the Treasury Department of the United States_.
      3. The party making the deposit or transferring funds to the court's registry shall serve the order permitting the deposit or transfer on the clerk of court or, in the clerk's absence, upon the chief deputy clerk or financial administrator.
      4. The procedures for the receipt and handling by the clerk of any funds deposited with the court shall not be waived except by order of the court. Any such order submitted for the court's consideration must reflect the clerk's signature.
   b. **Investment of Registry Funds.** A motion and a proposed order setting forth the manner in which the funds will be deposited in an interest-bearing account or invested in an interest-bearing instrument must be submitted prior to the tender of such funds to the court.
      1. **Court Registry Investment System.**
         A. _Unless otherwise ordered, the Court Registry Investment System_

   (CRIS), administered through the United States District Court for the Southern District of Texas, shall be the investment mechanism authorized.
   B. Under CRIS, monies deposited in each case under subsection (a)(1) will be "pooled" together with those on deposit with the Treasury to the credit of other courts in CRIS and used to purchase Treasury securities which will be held at the Federal Reserve Bank of the Dallas/Houston Branch in a safekeeping account in the name and to the credit of the Clerk, United States District Court for the Southern District of Texas; hereby designated custodian for the CRIS.
   C. A separate account for each case will be established in CRIS titled in the name of the case giving rise to the investment. All income received from each investment will be distributed on a pro-rata basis based upon the ratio of each account's principal to the *total aggregate income received*. Weekly reports indicating the amount of principal contributed and the *income earned* will be prepared and distributed to each court participating in CRIS and shall also be made available to the parties to the action or their counsel.
2. **Other Investments and Instruments.** Should an investment mechanism other than CRIS be utilized, the written stipulation filed by counsel must contain the following information:
   A. the amount to be invested;
   B. the form of interest-bearing account or instrument;
   C. the name and address of the federally insured local institution where the deposit is to be made or by whom the interest-bearing instrument is to be issued;
   D. *the name, address, social security number or taxpayer identification number of the party or parties with a real or potential interest in the deposit or instrument;*
   E. the form of additional collateral to be posted by the private institution in the event that standard FDIC or FSLIC coverage is insufficient to insure the total deposit;
   F. a direction to the clerk to deduct from the income earned on the investment a fee not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office as published in the Federal Register; and
   G. such other appropriate information that may be deemed applicable under the facts and circumstances of the particular case.
   *Upon court order to deposit and invest registry funds locally, the clerk shall serve as custodian of the account or financial instrument and shall keep such account, certificate of deposit, or financial instrument in a secure and safe place subject to further order of the court.*
c. **Registry Investment Fee.** Pursuant to 28 U.S.C. § 1913 and this rule, the custodian is authorized and directed to deduct the registry fee. The proper registry fee shall be determined on the basis of the rates authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office as published in the Federal Register. The authorized custodian of an investment account shall deposit such fee with the Treasury Department to the credit of the Administrative Office of the United States Courts. In cases where funds are ultimately disbursed to the United States or to agencies or officials thereof, the clerk shall refund the registry fee to those agencies or officials upon application filed with the court.
d. **Cash Bail.** If cash bail in an amount in excess of $10,000 is deposited with the court, it may be placed in an interest-bearing account upon motion of the submitting party. The

deposit shall comply in all respects with the requirements of this rule except that there shall be no administration fee assessed.

## 28 USC § 2041. Deposit of moneys in pending or adjudicated cases

All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

----------------------

# Florida Attorney General
## Advisory Legal Opinion

Number: AGO 94-15
Date: March 2, 1994
Subject: Clerk, period required to keep funds in court registry

Mr. Victor J. Troiano
Troiano & Roberts
Attorneys At Law
Post Office Drawer 829
Lakeland, Florida 33802

RE: CLERK OF COURT--PUBLIC FUNDS--REGISTRY OF COURT--length of time Clerk of Court should keep funds deposited into registry of the court transferring judgment lien to security. s. 55.10(6), Fla. Stat. (1993).

Dear Mr. Troiano:

On behalf of the Clerk of the Court of Polk County, you have asked for my opinion on substantially the following question:

How long is the Clerk of the Court required to keep funds that have been deposited into the registry of the court transferring a judgment lien to security under section 55.10(6), Florida Statutes (1993)?

In sum:

Funds that have been deposited into the registry of the court transferring a judgment lien to security pursuant to section 55.10(6), Florida Statutes (1993), should be maintained by the clerk for the period during which the lien itself runs, from 7 to 20 years.

Section 55.10(1), Florida Statutes (1993), provides that "[a] judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county . . . and it shall be a lien for a period of 7 years from the date of the recording . . . ." The statute authorizes the extension of this lien for a period not to exceed 20 years from the date of the entry of the judgment, order, or decree.[1]

The statute provides a method whereby a judgment lien may be transferred to other security by any person who has an interest in the real property that is subject to the lien or the contract under which the lien is claimed. Pursuant to section 55.10(6), Florida Statutes (1993):

"Any lien claimed under subsections (1), (2), and (3) may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either depositing in the clerk's office a sum of money or filing in the clerk's office bond executed as surety by a surety insurer licensed to do business in this state. Such deposit or bond shall be in an amount equal to the amount demanded in such claim of lien plus interest thereon at 6 percent per year for 3 years and plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment, order, or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed $100. Upon such deposit being made or such bond being filed, the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred, at the address stated therein. Upon the filing of the certificate of transfer, the real property shall thereupon be released from the lien

claimed, and such lien shall be transferred to said security. The clerk shall be entitled to a fee of $10 for making and serving the certificate. If the transaction involves the transfer of multiple liens, an additional charge of $5 for each additional lien shall be charged. Any number of liens may be transferred to one such security."

You question, on behalf of the Clerk of Court, how long the clerk must hold funds that have been deposited with that office pursuant to section 55.10(6), Florida Statutes (1993), for the transfer of a lien.[2]

Nothing in section 55.10(6)-(8), Florida Statutes (1993), authorizes the reduction of the period of time a lien is valid after it has been transferred from the real property in interest to a money deposit with the court. On the contrary, section 55.081, Florida Statutes, makes no distinction between an original judgment lien and one that has been transferred. The statute merely provides that "[s]ubject to the provisions of section 55.10, no judgment, order, or decree of any court shall be a lien upon real or personal property within the state after the expiration of 20 years from the date of the entry of such judgment, order, or decree." To reduce the period during which the lien may be satisfied in instances where a transfer has occurred would appear to implicate a number of constitutional provisions including impairment of contract,[3] equal protection[4] and due process.[5]

Therefore, it is my opinion that a lien that has been transferred to other security is effective for the same period of time as the original judgment lien it replaces. A judgment lien is statutorily effective for a period of 7 years and may be extended for additional periods up to a maximum of 20 years from the date of the entry of the judgment. It is my opinion that a lien that has been transferred to other security is valid and effective for the same periods of time, dependent on the satisfaction of those conditions established in section 55.10, Florida Statutes (1993).[6]

Sincerely,

Robert A. Butterworth
Attorney General

RAB/tgk

---

[1] Section 55.10(2), (3), (4), Fla. Stat. (1993) and s. 55.081, Fla. Stat. (1993).

[2] Cf. s. 55.10(7), Fla. Stat. (1993), which provides that "[a]ny deposit of money shall be considered as paid into court and shall be subject to the provisions of law relative to payments of money into court and the disposition of these payments." This language appears to require that funds deposited with the court should be invested and managed as are other such funds and does not relate to the period of time during which a transferred lien is effective. See s. 28.33, Fla. Stat. (1993), relating to the investment of funds deposited with the court; s. 43.18, Fla. Stat. (1993), establishing requirements for the withdrawal of money paid into the court; and s. 43.19, Fla. Stat. (1993) which provides for the disposition of unclaimed funds.

[3] See Art. I, s. 10, Fla. Const., stating that "No . . . law impairing the obligation of contracts shall be passed."

[4] See Art. I, s. 2, Fla. Const., which states that "[a]ll natural persons are equal before the law . . . ."

[5] Article I, s. 9, Fla. Const., states that "[n]o person shall be deprived of . . . property without due process of law . . . ."

[6] Pursuant to Ch. 93-250, s. 10, at 2471, Laws of Florida, certain information must be recorded in a separate affidavit when the judgment is recorded for a lien to be imposed against real estate. This requirement is made prospective in its application by s. 11 of the act.

# EXHIBIT 2

~ 6 ~

MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt

# CONFLICT OF INTEREST WAIVER-FORM

Concerning the matters/contracts in and on the records by the Constructive-Trust-Case-No. Medical Board of California # 800-2021-079497 *and* State Case No. Small-Claims #22SC018927, *and* Federal Case Nos. 22CV07438/22CV06688-HSG/23CV02003-JSC, I, <u>Judge: Jacqueline Scott Corley, Attorneys, #173752</u>,

Claim the following, check one;

\_\_\_\_\_ I, have the proper Oath of Office by the <u>Federal-Article 6/Title 4 U.S.C. §101,</u> <u>"Oath of Office"</u> and will obey it as sworn to as a Fiduciary-Trustee.

\_\_\_\_\_ I, am B.A.R. LOYAL, #<u>173752</u>

By: _____    _____
    Judge, Jacqueline Scott Corley        Thumb Print

By: _____    _____
    Clerk of the Court/Witness         COURT SEAL

## METHOD OF PROCESS/WITNESSES

In the California state, on the Monterey county. I, the undersigned, herein declare that I am over the age of eighteen years and **NOT** a *Claimant [yet] but am Witnessing/ Deliveries* to the within entitled *"Claims et.al."* My business address is: 1180 Forest Ave Pacific Grove California 93950

I, hereby declare under the penalty of perjury of the California Republic and The United States of America that I served the foregoing document as entitled: on the party(s) by mailing with the Post-Office maintained by the United States, Postal Service with postage paid, titled and addressed as follows *and or* by the file stamp/banking-postmasters **MOTION-NOTICE-F.O.I.A. LAWFUL DIRECTIONS BY NOTICE TO THE CLERK OF THE COURT TO PRODUCE THE DEPOSIT SLIP AND IDENTIFICATION OF WHERE TENDER OF PAYMENT WAS DEPOSITED BY THE ACCOUNT IDENTIFICATION AND F.O.I.A. TO THE UNITED STATES POSTAL SERVICE TO CONFIRM THE ACCOUNT IDENTIFICATION TO BE ENTERED ON TO THIS DOCKET, THIS TO "INSURE" DUE-PROCESS WITHOUT A CONFLICT OF INTEREST BY THE FIDUCIARIES-PRESIDING, A WRITTEN APPEALABLE RULING IN LAW AND FINDINGS OF FACT ARE APPLICABLE TO THIS MOTION-NOTICE-F.O.I.A., EXHIBIT 1 = POSTAL MONEY ORDER, EXHIBIT 2 = WAIVER FORM PROVIDED, METHOD OF PROCESS, DATE: JULY 27, 2023 TIME: 1:30 P.M., ROOM: 8-19TH FLOOR, JUDGE: Jacqueline Scott Corley, #173752;**

**UNITED STATES DISTRICT COURT**
**c/o Clerk of the Court, Mark B. Busby**
450 Golden Gate Avenue
San Francisco, California 94102
*Insured-Registered-Mail or By-Postmaster-File-Stamp;*
RF 10858I 468US

~ 7 ~

**MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION**
**Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt**

PRIVACY AND RECORDS MANAGEMENT OFFICE
U.S. POSTAL SERVICE
475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260

By Certified-Mail # 2022 0410 0003 2755 1494

I declare under the penalty of perjury of the Laws of the California Republic and The United States of America that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this bill of process is executed by the voluntary act of my own hand on Monterey county and is dated below;

Date: July 18-2023          By: _____

~ 8 ~

MOTION-NOTICE F.O.I.A. POSTAL MONEY ORDER DEPOSIT IDENTIFICATION
Copyrighted-Works this Document-Contract-Claims by the Douglas Vern Hulstedt