UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VERN HULSTEDT,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT ANDRES BONTA, et al.,<br><br>    Defendants. | Case No. 23-cv-02003-JSC<br><br>**ORDER RE: MOTIONS**<br><br>Re: Dkt. Nos. 3, 9, 10, 11, 36, 38, 44, 45, 46, 55, 59 |

Douglas Vern Hulstedt, proceeding without the assistance of a lawyer, brings this suit against Attorney General Bonta, Laurie Rose Lubiano, and the State Bar of California. Plaintiff filed a motion for summary judgment before Defendants answered the complaint. Defendants Bonta and Lubiano now move to dismiss the complaint. Both motions, along with Plaintiff's numerous other filings, are now pending before the Court. The Court finds the motions appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b). Defendants' motion to dismiss is GRANTED. All other pending motions are DENIED.

**DISCUSSION**

**I.   Plaintiff's Motion for Summary Judgment is DENIED.**

Plaintiff moved for summary judgment, arguing Defendants failed to respond to his complaint. (Dkt. No. 36.) Plaintiffs' motion, which the Court interprets as a motion for default judgment, is DENIED. Defendants waived service, extending their time to respond to Plaintiff's complaint until June 26, 2023. (Dkt. No. 37-1.) Plaintiff filed his default judgment motion on June 12, 2023. (Dkt. No. 36.) Defendants opposed on June 23, 2023 and filed a motion to dismiss. (Dkt. Nos. 37, 38.) Thus, Defendants timely responded to the complaint and did not default.

**II.   Defendants' Motion to Dismiss is GRANTED.**

The Court does not understand Plaintiffs' allegations as currently stated. (*See* Dkt. No. 1.) For those proceeding without a lawyer, legal complaints "must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Unrepresented parties are still "bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Plaintiff's complaint does not comply with Rule 8(a), even under the more liberal standard for those proceeding without a lawyer.  For example, Plaintiff references varied legal terminology such as: 5 U.S.C. §§ 702-706, requests for declaratory relief, due process rights, and perjury.  But the complaint fails to tie any facts to any legal theory. Defendants attempt to style Plaintiff's claim as a request for a writ of mandamus against State officials to reinstate Plaintiff's medical license. (Dkt. No. 38.)  But Plaintiff's exact request is unclear to the Court and the Court declines to address unpled legal claims based on speculation as to what this complaint might be alleging.  Thus, the Court **GRANTS** Defendants' motion to dismiss.

The Court grants Plaintiff leave to amend on or before August 31, 2023.  But Plaintiff is warned that failure to provide a comprehensible complaint may result in dismissal of his claims without further leave to amend.[1]

### III. Plaintiff's Other Motions are DENIED.

Plaintiff has submitted numerous other incomprehensible motions, including:

(1) "MOTION Sua-Sponte Writ for Habeas Corpus," (Dkt. No. 3),

(2) "MOTION-NOTICE for Court to Order Settlement-Contract Meeting," (Dkt. No. 9),

(3) "MOTION-NOTICE for the Court to Order and Pay for Counsel of choice" (Dkt. No. 10),

(4) "MOTION-NOTICE Writ of Praecipe to Order Attorney Greg William Chambers Order to Show Cause and produce his License to Practice Law," (Dkt. No. 11),

---

[1] Plaintiff has filed a serious of lawsuits stemming out of a disciplinary action before the California Medical Board. *See Hulstedt v. Medical Board of California, et al.,* Case No. 22-cv-6688-HSG and *Hulstedt v. California, et al.*, 22-cv-07439-HSG.  Those cases were each dismissed without leave to amend for repeated failure to state a claim. It is impossible to discern if Plaintiff is making the same claims in this action.

2

(5) "MOTION - NOTICE Concerning Forced Representation," (Dkt. No. 44),

(6) "MOTION - NOTICE Lawful Directions and Notice to the Clerk of the Court for a F.O.I.A. 'Order'," (Dkt. No. 45),

(7) "MOTION - NOTICE for Writ of Habeas Corpus ad testificandum filed by Douglas Vern Hulstedt," (Dkt. No. 46), and

(8) "MOTION - Notice-F.O.I.A. Lawful Directions by Notice to the Clerk of the Court to Produce the Deposit Slip and Identification of Where Tender of Payment was Deposited by the Account Identification," (Dkt. No. 55, 59.)

Plaintiff also filed several notices, requests for judicial notice, and requests to strike documents from the record. All are equally incomprehensible and are DENIED.

Three of these motions warrant additional comments: First, to the extent Plaintiff requests habeas corpus, (Dkt. Nos. 3, 46), he is not—as far as the Court can tell—in the custody of the state. The Court therefore lacks jurisdiction to consider any writ for habeas corpus. *See Munoz v. Smith*, 17 F.4th 1237, 1240 (9th Cir. 2021). Second, to the extent Plaintiff requests appointment of counsel, the Court denies Plaintiff's request. (Dkt. No. 10.) There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038 (9th Cir. 2021) (quoting *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., Washington*, 795 F.2d 796, 801 (9th Cir. 1986)). The Court declines to appoint counsel under these circumstances given Plaintiff is unlikely to succeed on the merits.

## CONCLUSION

For the reasons stated above, Plaintiff's various motions are DENIED. Defendants' motion to dismiss is GRANTED. Plaintiff has leave to amend on or before August 31, 2023. If no amended complaint is filed by that date, the case will be dismissed with prejudice.

This Order disposes of Dkt. Nos. 3, 9, 10, 11, 36, 38, 44, 45, 46, 55, 59.

Dated: July 26, 2023

**IT IS SO ORDERED.**

JACQUELINE SCOTT CORLEY
United States District Judge