1    ROB BONTA
     Attorney General of California
2    STEVE DIEHL
     Supervising Deputy Attorney General
3    LYNETTE D. HECKER
     Deputy Attorney General
4    State Bar No. 182198
      2550 Mariposa Mall, Room 5090
5     Fresno, CA 93721-2271
      Telephone: (559) 705-2320
6     Fax: (559) 445-5106
      E-mail: Lynette.Hecker@doj.ca.gov
7    *Attorneys for Defendants Rob Bonta, Attorney*
     *General, Laurie Rose Lubiano, and Greg Chambers*

8

9           **IN THE UNITED STATES DISTRICT COURT**

10       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| 13   **DOUGLAS VERN HULSTEDT,** | 3:23-cv-02003-JSC |
| 14              Plaintiff, | **NOTICE OF MOTION AND MOTION** |
| 15 | **BY DEFENDANTS ROB BONTA, LAURIE ROSE LUBIANO, AND GREG** |
| 16     v. | **W. CHAMBERS TO DISMISS FIRST AMENDED COMPLAINT [ECF 62];** |
| 17   **ROBERT ANDRES BONTA, ET AL.,** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 18           Defendants. | **MOTION** |
| 19 | Date:         Thursday, October 19, 2023 |
| 20 | Time:        10:00 a.m.<br>Dept:       8 – 19th Floor |
| 21 | Judge:      Hon. Jacqueline Scott Corley<br>Trial Date:   None Set |
| 22 | Action Filed: April 25, 2023 |

23   TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE THAT on October 19, 2023, at 10:00 a.m., before the

25   Honorable Jacqueline Scott Corley in Courtroom 8 – 19th Floor of the United States Courthouse,

26   located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Rob Bonta, Attorney

27   General, Laurie Rose Lubiano, a member of the Medical Board of California, and Greg

28   Chambers, Supervising Deputy Attorney General (collectively "Defendants"), will, and hereby

1

Notice Motion And Motion By Defendants Rob Bonta, Laurie Rose Lubiano, And Greg W. Chambers To Dismiss
First Amended Complaint [Ecf 62]; Memo Of Points And Authorities In Support Of Motion (3:23-Cv-02003-JSC)

1    do, move this Court for an order dismissing Plaintiff's First Amended Complaint with prejudice,

2    pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

3            This motion is based on this Notice of Motion and Motion, Memorandum of Points and

4    Authorities, the previously filed Request for Judicial Notice, and the pleadings and papers filed in

5    this case.  Defendants respectfully request that this matter be determined without oral argument,

6    pursuant to Civil Local Rule 7-1(b), as it is unnecessary.

7                                    **RELIEF REQUESTED**

8            Defendants respectfully request an order dismissing this entire action with prejudice.

9    Specifically, the State of California Defendants request dismissal with prejudice on the following

10   grounds:

11           1.    Plaintiff's failure to comply with Rule 8(a);

12           2.    Plaintiff's failure and inability to state a cognizable claim;

13           3.    The underlying state decision has become final and is not subject to review; and

14           4.    Plaintiff's claims are barred by sovereign immunity and Defendants are entitled to

15                 absolute immunity.

16   Dated:  September 11, 2023                    Respectfully submitted,

17                                                 ROB BONTA
                                                   Attorney General of California
18                                                 STEVE DIEHL
                                                   Supervising Deputy Attorney General
19

20

21

22                                                 LYNETTE D. HECKER
                                                   Deputy Attorney General
23                                                 *Attorneys for Defendants Rob Bonta,*
                                                   *Attorney General, Laurie Rose Lubiano, and*
24                                                 *Greg Chambers*

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1

Statement of Facts ................................................................................................. 2

Legal Standards ..................................................................................................... 4

    I.    Rule 12(b)(6) & Rule 8(a) of the Federal Rules of Civil Procedure ...................... 4

Legal Arguments ................................................................................................... 6

    I.    Plaintiff Fails to Link Any Facts to Any Legal Theory to Any Defendant............. 6

    II.    Plaintiff Cannot State a Cognizable Claim For Violation of the Fourteenth Amendment Due Process Clause ............................................................................ 7

        A.    Procedural Due Process................................................................. 7

        B.    Substantive Due Process .............................................................. 7

        C.    Plaintiff Cannot State a Cognizable Claim Under 5 U.S.C. §§ 502-506.................................................................................................. 8

        D.    The Underlying State Decision Has Become Final and Is Not Subject to Review ....................................................................... 9

        E.    Plaintiff's Claims Against Defendants Are Barred by Sovereign Immunity and Defendants Are Entitled to Absolute Immunity ............... 10

        F.    Leave to Amend Would be Futile and Should Not be Granted ............... 14

Conclusion ............................................................................................................ 14

1

**TABLE OF AUTHORITIES**

2

<u>Page</u>

3

CASES

4

*Akhtar v. Mesa*
5   698 F.3d 1202 (9th Cir. 2012)...........................................................................5, 14

6

*Allen v. City of Beverly Hills*
    911 F.2d 367 (9th Cir. 1990)...................................................................................14

7

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
8   465 F.3d 946 (9th Cir. 2006)...................................................................................14

9

*Ashcroft v. Iqbal*
10   556 U.S. 662 (2009)...........................................................................................4, 5, 6

11

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
    459 U.S. 519 (1983)....................................................................................................5

12

*Balistreri v. Pacifica Police Dept.*
13   901 F.2d 696 (9th Cir. 1990).......................................................................................4

14

*Bell Atlantic Corp. v. Twombly*
15   550 U.S. 544 (2007).................................................................................................4, 5

16

*Board of Trustees of Univ. of Alabama v. Garrett*
    531 U.S. 356.............................................................................................................11

17

*Bradley v. Medical Board*
18   56 Cal.App.4th 445 (1997)...........................................................................................8

19

*Briggs v. City of Rolling Hills Estates*
    40 Cal.App.4th 637 (1995).........................................................................................10

20

*Brooks v. Sulphur Springs Valley Electric*
21   951 F.2d 1050, 1053...................................................................................................11

22

*Brosterhous v. State Bar*
23   12 Cal.4th 315 (1995)................................................................................................10

24

*Butz v. Economou*
    438 U.S. 478 (1978)....................................................................................................13

25

*Cal. Corr. Peace Officers Assoc. v. State Pers. Bd.*
26   10 Cal.4th 1133 (1995)...............................................................................................13

27

*Coal. to Defend Affirmative Action v. Brown*
28   674 F.3d 1128 (9th Cir. 2012)....................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>
(continued)

2

<u>Page</u>

3

*Conservation Force v. Salazar*
        646 F.3d 1240 (9th Cir. 2011).................................................................................... 4

4

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*
        911 F.2d 242 (9th Cir. 1990).............................................................................. 5, 14

5

6

*County of Sacramento v. Lewis*
        523 U.S. 833 (1998) ........................................................................................... 8

7

*Daily J. Corp. v. County of L.A.*
        172 Cal.App.4th 1550 (2009).............................................................................. 13

8

9

*Doe v. Regents of the Univ. of California*
        891 F.3d 1147 (9th Cir. 2018).................................................................... 7, 9, 10

10

11

*Erickson v. Pardus*
        551 U.S. 89 (2007) ............................................................................................. 5

12

*Fayer v. Vaughn*
        649 F.3d 1061 (9th Cir. 2011) (per curiam).......................................................... 5

13

14

*Ghazali v. Moran*
        46 F.3d 52 (9th Cir. 1995).................................................................................... 5

15

16

*Gomez v. Vernon*
        255 F.3d 1118 (9th Cir. 2001).............................................................................. 8

17

18

*Griffiths v. Superior Court*
        96 Cal.App.4th 757 (2002)................................................................................... 8

19

*Hulstedt v. State of California, et al.*.................................................................... 3

20

*Imbler v. Pachtman*
        424 U.S. 409 (1976) ......................................................................................... 12

21

22

*Ivey v. Bd. of Regents of Univ. of Alaska*
        673 F.2d 266 (9th Cir. 1982)......................................................................... 5, 10

23

24

*Johnson v. City of Loma Linda*
        24 Cal. 4th 61 (2000) ....................................................................................... 10

25

*Kansas v. Hendricks*
        521 U.S. 346 (1997).............................................................................................. 8

26

27

*Kendall v. Visa U.S.A., Inc.*
        518 F.3d 1042 (9th Cir. 2008)............................................................................... 5

28

iii

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Kimel v. Florida Bd. of Regents*
    528 U.S. 62 (2000) ............................................................................................ 11

4

5

*L.A. Cnty. Bar Ass'n v. Eu*
    979 F.2d 697, (9th Cir. 1992)) ....................................................................... 11

6

7

*Lazy Y Ranch Ltd. v. Behrens*
    546 F.3d 580 (9th Cir. 2008) ............................................................................ 4

8

*McDaniel v. Board of Education*
    44 Cal.App.4th at 1621-22 (1996) ................................................................ 10

9

10

*Mir v. Kirchmeyer*
    No. 12-CV-2340-GPC-DHB, 2016 WL 2745338 (S.D. Cal. May 11, 2016) ...................... 13

11

*Mishler v. Clift*
    191 F.3d 998 (9th Cir. 1999) .......................................................................... 13

12

13

*Mitchell v. Los Angeles Community College Dist.*
    861 F.2d 198 (9th Cir. 1989) .......................................................................... 11

14

15

*Moss v. U.S. Secret Service*
    572 F.3d 962 (9th Cir. 2009) ............................................................................ 4

16

17

*Natural Resources Defense Council v. California Dep't of Tranp.*
    96 F.3d 420 (9th Cir. 1996) ............................................................................ 11

18

*Olsen v. Idaho State Bd. of Med.*
    363 F.3d 916 (9th Cir. 2004) .......................................................................... 12

19

20

*Olson v. Morris*
    188 F.3d 1083 (9th Cir. 1999)) ........................................................................ 7

21

22

*Patel v. Penman*
    103 F.3d 868 (9th Cir. 1996) ............................................................................ 8

23

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) .................................................................................... 11, 12

24

25

*People v. Davis*
    226 Cal.App.4th 1353 (2014) .......................................................................... 13

26

*Seminole Tribe of Florida v. Florida*
    517 U.S. 44 ...................................................................................................... 11

27

28

iv

1

### TABLE OF AUTHORITIES
**(continued)**

2

**Page**

3

*State of Cal. v. Superior Court*
137 Cal.App.3d 282 (1982) .................................................................... 13

4

5

*Swierkiewicz v. Sorema N.A.*
534 U.S. 506 (2002) ............................................................................... 6

6

7

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989) .............................................................. 11

8

*United States v. Utah Construction & Mining Co.*
384 U.S. 394 (1966) ...................................................................... 7, 9, 10

9

10

*University of Tennessee v. Elliott*
478 U.S. 788 (1986) .............................................................................. 10

11

*Westlake Community Hosp. v. Superior Court*
17 Cal.3d at 465, 484 (1976) ............................................................... 10

12

13

*Wilkinson v. Austin*
545 U.S. 209 (2005) ............................................................................... 7

14

15

*Ex parte Young*
209 U.S. 123 (1908) .............................................................................. 11

16

**STATUTES**

17

United States Code
Title 5 § 502 .......................................................................................... 8
Title 5 § 506 .......................................................................................... 8
Title 28 .................................................................................................. 9
Title 42 § 1983 .................................................................................... 12

18

19

20

California Business and Professions Code
§ 2220, subd. (a) ............................................................................... 2, 8
§ 2224(a) .............................................................................................. 13

21

22

23

California Code of Civil Procedure
§ 1094.5 ........................................................................................ 3, 9, 10

24

California Code of Regulations
Title 16 § 1356 .................................................................................... 13

25

26

California Government Code
§ 11523 .......................................................................................... 3, 9, 10

27

28

v

## TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Article V, § 13.................................................................................................. 13

United States Constitution
    Fifth Amendment .............................................................................................. 1
    Eleventh Amendment.............................................................................. 11, 12
    Fourteenth Amendment........................................................................... 7, 8

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 8(a)............................................................................................. *passim*
    Rule 12(b)(6) ...................................................................................... 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

Plaintiff's medical license was revoked for gross negligence, after a duly noticed administrative disciplinary hearing where Plaintiff failed to participate in good faith, instead generally questioning the Medical Board's legal authority to discipline physicians.  Here, proceeding *pro se*, Plaintiff initially filed suit against Rob Bonta, the Attorney General of California, and Laurie Rose Lubiano, a member of the Medical Board of California, claiming due process and Fifth Amendment violations, and seeking unspecified declaratory relief.  (ECF 1.) Plaintiff's original Complaint ("OC") was dismissed with leave to amend for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  (ECF 60.)

Plaintiff subsequently filed the First Amended Complaint ("FAC").  (ECF 62.)  Though the Court explicitly stated that it did not understand Plaintiff's allegations as stated in the OC and that he failed to tie any facts to any legal theory, Plaintiff's FAC is largely identical to the OC, aside from moving various sections around and adding prior defense counsel Greg Chambers, Supervising Deputy Attorney General as a defendant,[1]  The only differences appear to be a few new or different words peppered throughout the FAC, twenty-nine (29) pages of exhibits, and numerous statements after the paragraphs identified as "RIGHT OF REVIEW CLAIMS" such as: **NO REASON TO SAY THAT THIS ORDER FOR DUE-PROCESS IS NOT COMPREHENSIBLE (12TH GRADE), AS A NON-ATTORNEY I HAVE THE RIGHT TO KNOW THE "PLAYING FIELD" RULES VENUE ETC. WHATS SO HARD TO UNDERSTAND?  THIS IS AN ORDER FOR THE ATTORNEYS TO "ANSWER"; DID YOU VIOLATE ADMINISTRATIVE DUE PROCESS? YES OR NO! I WIN AS SOON AS I GET TO DEPOSE BONTA *ET.AL!*** (*See* ECF 62, pp. 12-18; compare with ECF 1, pp. 5-9.)  Notably, Plaintiff fails to provide any clarification of the factual basis for any of his claims or legal theories, nor any additional factual allegations to show any basis under which he is entitled to relief for actions or inaction by any of the named defendants.  If there are any actual, substantive changes in the FAC they are so

---

[1] Additional individuals and entities are named as defendants in the FAC, but they are not represented by this office, nor is there any proof that they have been served to be on notice of this action.

1

obscured[2] that they cannot possibly be found to provide a short and plain statement of his claim(s) showing entitlement to relief as required by Rule 8(a).

As raised in Defendant's previous motion to dismiss (ECF 38), and for the reasons discussed in detail below, the FAC suffers from the same fatal defects as the OC, necessitating dismissal with prejudice.  Specifically, the FAC fails to provide a short and plain statement showing he is entitled to relief; fails to tie any facts to any legal theory against any defendant to state any cognizable claims upon which he might be allowed to proceed; to the extent the FAC might be construed to challenge the Medical Board's determination which revoked his license to practice medicine, it has become final and cannot be attacked here; and the Medical Board and the Attorney General's office are immune from suit for their actions via the administrative process which resulted in the revocation of Plaintiff's license to practice medicine.

## II.

## STATEMENT OF FACTS

The Medical Board is a regulatory agency of the State of California, charged by statute with investigating complaints made by the public against physicians for unprofessional conduct. Cal. Bus. & Prof. Code, § 2220, subd. (a).  Plaintiff was a licensed physician.[3]  The facts regarding the Medical Board's disciplinary case against him, and the factual underpinning for the present case, are as follows:

I.   *In the Matter of the Accusation Against Douglas Vern Hulstedt, M.D.*

In 2015 and 2017, Plaintiff issued vaccination exemptions for a minor patient at the request of the patient's father.  (ECF 39, Request for Judicial Notice (RJN), Ex. 2, *In the Matter of the Accusation Against Douglas Vern Hulstedt, M.D.,* Accusation No. 800-2021-079497 (the Accusation), ¶¶ 10-13.)  Thereafter, pursuant to a custody order in the divorce proceedings of the patient's parents, the patient's mother authorized the minor patient to be vaccinated for school. (*Id.*, at ¶¶ 15-19.)  The patient's father disagreed with the mother's decision to vaccinate the

---

[2] Plaintiff did not concurrently file a redlined or highlighted version comparing the FAC to the OC as required by the Court's Standing Order.
[3] *See* ECF 39, Request for Judicial Notice (RJN), Ex. 1, p. 5, para. 1, Medical Board's Order Denying Petition for Reconsideration, and Decision Revoking Plaintiff's license.

minor patient and before the minor patient could be vaccinated, the father murdered the minor

patient and then committed suicide.  (*Id.*, at ¶ 19.)

After the minor decedent's mother filed a complaint, the Medical Board served Plaintiff

with an Investigational Subpoena seeking medical records of the minor decedent.  (ECF 39, RJN,

Ex. 2, at ¶¶ 20-22.)  When Plaintiff refused to comply, the Medical Board filed Petition No. CPF-

22-517660 in the County of San Francisco Superior Court to enforce its subpoena.  (*Id.*, Ex. 3.)

Subsequently, the Medical Board filed the Accusation against Plaintiff's medical license alleging

gross negligence.  (*Id.*, Ex. 2.)  Following a hearing, the Medical Board's Decision revoking

Plaintiff's physician's and surgeon's license became effective on February 17, 2023.  (*Id.*, Ex. 1

at pg 10.)  Plaintiff filed a petition for reconsideration which was denied on February 27, 2023.

(*Id.*, Ex. 1 at pg 8.)  Approximately two months after the Medical Board's final determination on

the Accusation, Plaintiff filed the OC seeking unspecified relief for alleged due process violations

during the Medical Board's administrative proceedings on the Accusation.  (ECF 1.)

Plaintiff did not seek judicial review of the Medical Board's final determination via

petition under California Code of Civil Procedure section 1094.5, nor writ under California

Government Code section 11523.  However, since the Medical Board commenced its

investigation, and later filed the Accusation, Plaintiff has filed civil suits in three separate courts

against the Medical Board, Rob Bonta, and DOJ employees.[4]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] *Hulstedt v. State of California, et al.*, Monterey County Superior Court, Case No. 22-CV-001522, (ECF 39, RJN, Ex. 4); *Hulstedt v. Thomas Ostly, et al.*, Alameda County Superior Court, Small Claims – Case No. 22-sc-018927, (*Id.*, Ex. 5) – the United States removed the case to the United States District Court, Northern District of California, Case No. 22-cv-07439-HSG, (*Id.*, Ex. 6); *Hulstedt v. Medical Board of California*, United States District Court, Northern District of California, Case No. 22-cv-06688-HSG, (*Id.*, Ex. 7).  He has been unsuccessful in both state and federal courts, though one matter has been remanded to small claims court.

# III.

## LEGAL STANDARDS

### I.   RULE 12(B)(6) & RULE 8(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.  Dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011), cert. denied, 132 S.Ct. 1762 (2012).  Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Twombly*, at 557 (brackets omitted).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id.*, at 570.

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

4

1   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
2   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
3   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove
5   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not
6   been alleged," *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459
7   U.S. 519, 526 (1983), or to accept the truth of legal assertions cast as factual allegations or make
8   unwarranted inferences in the plaintiff's favor, *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.
9   2011) (per curiam).  In practice, "a complaint . . . must contain either direct or inferential
10  allegations respecting all the material elements necessary to sustain recovery under some viable
11  legal theory." *Twombly*, 550 U.S. at 562.  A complaint must describe the alleged misconduct in
12  enough detail to lay the foundation for an identified legal claim.

13       "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards
14  than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation
15  omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential
16  elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673
17  F.2d 266, 268 (9th Cir. 1982).  *Pro se* litigants are still bound by the rules of procedure to provide
18  a short and plain statement of the claim showing entitlement to relief.  *See Ghazali v. Moran*, 46
19  F.3d 52, 54 (9th Cir. 1995).

20       To the extent that the pleadings can be cured by the allegation of additional facts, the
21  Court may afford Plaintiff leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection*
22  *Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).  However, dismissal is
23  appropriate and leave to amend need not be granted when the defects in a pleading are not
24  capable of correction through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir.
25  2012); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal
26  without leave to amend is proper if it is clear that the complaint could not be saved by
27  amendment.").  For the reasons discussed below, it is clear that further leave to amend need not
28  / / /

1  be granted as Plaintiff's pleading cannot be saved by amendment, necessitating dismissal with

2  prejudice.

3                                                    **IV.**

4                                        **LEGAL ARGUMENTS**

5  **I.    PLAINTIFF FAILS TO LINK ANY FACTS TO ANY LEGAL THEORY TO ANY**

6         **DEFENDANT**

7          As noted previously, the FAC is largely duplicative of the OC, which this Court has

8  already found incomprehensible and not in compliance with Rule 8(a), so as to necessitate

9  dismissal.  (ECF 60.)  This Court warned Plaintiff that "failure to provide a comprehensible

10  complaint may result in dismissal of his claims without further leave to amend."  (*Id.*, at p. 2.)

11          Despite this admonishment, Plaintiff fails to link any factual allegations to any of the

12  Defendants to support any legal theory upon which he might be allowed to proceed.  Except for

13  the caption, Plaintiff never once mentions Defendants Lubiano or Chambers, nor provides any

14  factual basis for either of their liability as a defendant in this matter.  (*See,* ECF 62.)  References

15  to Defendant Bonta are similarly sparse, other than Plaintiff's repeated requests to depose "Bonta,

16  et al!"  (*Id.*, at pp. 12-18.)  Plaintiff fails and is unable to allege sufficient facts about any

17  Defendant to allow the court to draw a reasonable inference of liability, nor enough to even be

18  able to identify any misconduct he hoped to allege in the pleading.  *See Iqbal*, 556 U.S. at 678.

19  No facts are provided to show how any Defendant is responsible for any deprivation of Plaintiff's

20  rights or to support any of his allegations.  (*See* ECF 62.)  While Plaintiff is held to a less

21  stringent standard than formal pleadings drafted by lawyers, his claims must be set forth in short

22  and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

23  514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to

24  focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(a).  Plaintiff's rambling allegations in

25  the FAC fail to comply with Rule 8(a).  Since the allegations in the FAC suffer from the same

26  defects as those in the OC, he has shown that this action should be dismissed with prejudice since

27  his allegations are not amenable to amendment.  Further, for the reasons discussed below, even if

28  Plaintiff was to be given an additional opportunity to amend, he cannot state a cognizable claim

                                                    6

under any of the legal theories that the Court alluded to in the order granting the prior motion to dismiss.

## II.    PLAINTIFF CANNOT STATE A COGNIZABLE CLAIM FOR VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

### A.    Procedural Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Plaintiff has not, and cannot, allege any facts that would support a claim that he was deprived of a protected interest without procedural due process.  "Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966)." *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th Cir. 2018).  The fairness of a state administrative proceeding is evaluated "by resort to both the underlying administrative proceeding and the available judicial review procedure." *Id.*, (citing *Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999)).  Plaintiff fails to state any allegations to show that the Medical Board's administrative proceedings which resulted in the revocation of his medical license and subsequent denial of his petition for reconsideration thereon failed to meet the *Utah* fairness requirements, nor does he state any factual allegations to show that he was somehow not accorded procedural due process in those administrative proceedings to equate to a deprivation of his life, liberty, or property.  Since Plaintiff does not, and is indeed unable to, state a deprivation of a protected interest, he cannot state a cognizable claim for violation of his procedural due process rights based on the revocation of his medical license and denial of his petition for reconsideration thereon.  Thus, any claim made by Plaintiff for violation of his procedural due process rights under the Fourteenth Amendment should be dismissed with prejudice.

### B.    Substantive Due Process

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no

7

1    substantial relation to the public health, safety, morals, or general welfare." *Patel v. Penman*, 103

2    F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied,

3    520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  Plaintiff does

4    not, and cannot, state any facts to show that the revocation of his medical license and denial of his

5    petition for reconsideration thereon was not substantially related to public health and safety.

6         The Medical Board is statutorily required to investigate complaints and discipline a

7    physician that "may be guilty of unprofessional conduct" (Cal. Bus. & Prof. Code § 2220, subd.

8    (a)).  *Griffiths v. Superior Court* 96 Cal.App.4th 757, 768 (2002); *Bradley v. Medical Board* 56

9    Cal.App.4th 445, 457 (1997) [noting MBC's obligation to investigate complaints that physician

10   may be guilty of unprofessional conduct].)  Deference is ordinarily given "to the legislature's

11   stated intent." *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997).  This authority is derived from

12   "the state's inherent power to regulate the use of property to preserve the public health, morals,

13   comfort, order, and safety." *Griffiths,* 96 Cal.App.4th at 768-769.  When a government agency is

14   involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'"

15   *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001), and "[w]hen a state agency is involved,

16   these considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255

17   F.3d at 1128.  Plaintiff has not and cannot allege any facts to state a cognizable claim for

18   violation of his rights under the substantive component of the Due Process Clause since the very

19   acts he complains of were taken to protect public health and safety.  Thus, any claim Plaintiff

20   might make for violation of his substantive due process rights under the Fourteenth Amendment

21   should be dismissed with prejudice.

22        **C.    Plaintiff Cannot State a Cognizable Claim Under 5 U.S.C. §§ 502-506**

23        Sections 502-506 of Title 5 of the United States Code are, in essence, waivers of federal

24   sovereign immunity in certain instances.  They permit federal district courts to review actions by

25   federal agencies and to enter relief other than money damages against the United States

26        However, the Defendants are state employees.  Thus, Plaintiff cannot state a cognizable

27   claim against any of the Defendants named in this action under sections 502-506 because they are

28   not employees or agents of the federal government.

8

1

**D.    The Underlying State Decision Has Become Final and Is Not Subject to Review**

2

3     To the extent that Plaintiff's references to Constitutional rights might be construed as a

4     challenge under 28 U.S.C. § 1983 to the Medical Board's decision revoking his license, his

5     claims are barred because he failed to exhaust mandatory state judicial remedies and the decision

6     of the Medical Board has become final.

7     The Medical Board's Decision revoking Plaintiff's physician's and surgeon's license

8     became effective on February 17, 2023, and Plaintiff's petition for reconsideration thereon was

9     denied on February 27, 2023.  (ECF 39, RJN, Ex. 1 at pp. 8 & 10.)  California Government Code

10    section 11523 provides for subsequent judicial review.  That section states, "[j]udicial review may

11    be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of

12    Civil Procedure, . . . .  Except as otherwise provided in this section, the petition shall be filed

13    within 30 days after the last day on which reconsideration can be ordered. . . ."  Thereunder, a

14    petitioner may request a complete record of the proceedings, or any parts thereof requested,

15    which the agency or petitioner may file with the court for consideration in the judicial review.  *Id*.

16    Plaintiff had until March 29, 2023 (30 days after the denial of his petition for reconsideration), to

17    seek judicial review by filing a petition for writ of mandate under § 11523, yet he did not do so.

18    Cal. Govt. Code, § 11523.

19    Further, "[u]nder federal common law, federal courts accord preclusive effect to state

20    administrative proceedings that meet the fairness requirements of *United States v. Utah*

21    *Construction & Mining Co.*, 384 U.S. 394 (1966)."  *Doe v. Regents of the Univ. of California*,

22    891 F.3d 1147, 1154 (9th Cir. 2018).  The fairness of a state administrative proceeding is

23    evaluated "by resort to both the underlying administrative proceeding and the available judicial

24    review procedure."  *Id*., (citing *Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999)).  A

25    petition for a writ of administrative mandamus under California Code of Civil Procedure section

26    1094.5 provides "an adequate opportunity for de novo judicial review."  *Id*., at 1154-55 (citations

27    omitted).  Plaintiff did not file a petition for writ of administrative mandamus under section

28    1094.5.

9

Because California has adopted the *Utah Construction* standard, preclusive effect is given "to a state administrative decision if the California courts would do so." *Regents*, 891 F.3d at 1155.  As a general matter under California law, "unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70-71 (2000) (quotations omitted).  "A party must exhaust judicial remedies by filing a section 1094.5 petition, the exclusive and 'established process for judicial review' of an agency decision," *Regents*, at 1154-55 (citations omitted), which Plaintiff failed to do.

"The theory of the issue-preclusion cases . . . is that when a state agency acting in a proceeding in a judicial capacity resolves disputed issues of fact properly before it which the parties have had adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect it would have in state courts." *McDaniel v. Board of Education*, 44 Cal.App.4th at 1621-22 (1996) (citing *Briggs v. City of Rolling Hills Estates*, 40 Cal.App.4th 637, 646-647 (1995); *University of Tennessee v. Elliott*, 478 U.S. 788, 796-799 (1986); *Brosterhous v. State Bar*, 12 Cal.4th 315, 335 (1995)).  "The rule is based on respect for the agency's quasi-judicial fact-finding procedure." *Westlake Community Hosp. v. Superior Court*, 17 Cal.3d at 465, 484 (1976).

Plaintiff filed neither a petition for writ of mandate under California Government Code section 11523, nor a petition under California Code of Civil Procedure section 1094.5.  Hence, the Medical Board's decision is final, has preclusive effect, and requires dismissal of this action with prejudice.

**E.    Plaintiff's Claims Against Defendants Are Barred by Sovereign Immunity and Defendants Are Entitled to Absolute Immunity**

Plaintiff has named Defendants Bonta, Lubiano, and Chambers in their official capacities[5] based on their respective prosecutorial and adjudicatory roles in the administrative licensing

---

[5] Plaintiff appears to have named all of the Defendants only in their official capacities as the caption and first few pages of the FAC, he indicates he is suing for wrongs by "Officers" for

action he apparently hopes to undo.  The FAC is basically unintelligible, but it appears to be asking the federal court to overturn the state's action which revoked Plaintiff's medical license, or to keep the state from enforcing state laws against him which is barred by sovereign immunity.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state.[6]  *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54.  It also bars suits against state agencies, such as the Medical Board and the Department of Justice.  *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Electric*, 951 F.2d 1050, 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).

However, the Eleventh Amendment does not "bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law."  *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).  When prospective relief is sought, "[t]he individual state official sued 'must have some connection with the enforcement of the act.'"  *Id*. (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).  "[T]hat connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."  *Coalition to Defend Affirmative Action*, 674 F.3d at 1134 (citing *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).  While suit for prospective relief may proceed, the Supreme Court has refused to extend *Ex Parte Young* to claims of retrospective relief.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-103 (1984).

/ / /

---

their action/inactions "… in an official capacity under color of legal authority…" and variously throughout he alleges actions by "Dishonest-Officers."  (*See* ECF 62, FAC pp. 1-4, 6.)  Notably, Plaintiff fails to link any factual allegations to any of these Defendants to even suggest that he intended to proceed against any of them in a personal capacity.

[6] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

1   Congress has not abrogated California's sovereign immunity and California has neither

2   consented to suit, nor waived its sovereign immunity regarding the legal theories that might

3   tenuously be extrapolated from the FAC.  Plaintiff's garbled request to the court to "protect my

4   Beneficial Property Rights against Trespass or Breach of Fiduciary-Trust with <u>intended-damage-

5   done</u>," that his "beneficial interests and property assets" have been extorted without due process,

6   and that he has been deprived of his "43 years plus life's work as a Medical Doctor without Due-

7   Process," (*see e.g.,* ECF 62, FAC, pp. 2, 8, 10 (emphasis in the original)), suggests he is asking

8   the court to undo his license revocation, or to restore his license to practice medicine going

9   forward, under whatever laws might be available – federal or state.  Any claims for such

10  retrospective relief via reinstatement of his medical license, against any of the Defendants, are

11  clearly barred by sovereign immunity under the Eleventh Amendment.  Additionally, Plaintiff

12  fails to articulate claims for prospective relief or future violations of federal law under which he

13  may proceed.  Further, to the extent that Plaintiffs' FAC might be construed to include a request

14  for money damages and the Defendants sued in their official capacity for damages, any such

15  claims must be dismissed.  *See Pennhurst*, 465 U.S. at 102-103.

16      Finally, Defendants Lubiano, Bonta, and Chambers are all entitled to absolute immunity

17  for their adjudicatory and prosecutorial actions.[7]  Judges and prosecutors functioning in their

18  official capacity are accorded absolute immunity, even for claims under 42 U.S.C. §1983. *Olsen*

19  *v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (Because "disciplinary proceedings

20  and the revocation of a physician's  . . . license are acts that are likely to stimulate numerous

21  damages actions . . . granting absolute immunity ensures that those performing these quasi-

22  judicial functions are accorded protection from harassment and intimidation."); *see also Imbler v.*

23  *Pachtman*, 424 U.S. 409 (1976) (In initiating a prosecution and in presenting the State's case, the

24  prosecutor is immune from a civil suit for damages under section 1983).  "Absolute immunity

25  may also be extended to state officials who are not traditionally regarded as judges or prosecutors

---

26      [7] It appears that Plaintiff named Supervising Deputy Attorney General Greg W. Chambers
27  as a defendant in this action merely because he represented Defendants Bonta and Lubiano in this
    case through the dismissal of the OC, which is definitely not actionable.  However, Defendant
28  Chambers is included in this section of argument because all of the actions he has taken have
    been as an employee of the Department of Justice, under the Attorney General.

if the functions they perform are similar to those performed by judges or prosecutors." *Butz v. Economou*, 438 U.S. 478, 513-17 (1978); *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999).

The Ninth Circuit has held that state medical boards and their officers, such as Defendant Lubiano, are entitled to absolute immunity for the non-ministerial[8] acts they commit in performing their duties. *Mir v. Kirchmeyer,* No. 12-CV-2340-GPC-DHB, 2016 WL 2745338 at *11-12 (S.D. Cal. May 11, 2016). Further, the "decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate ... criminal prosecution." *Butz*, 438 U.S. at 515. The MBC has delegated to its Executive Director its power and discretion to initiate, review, and prosecute accusations against its licensees. *See* Cal. Bus. & Prof. Code, § 2224(a) ("The board may delegate the authority under this chapter to conduct investigations and inspections and to institute proceedings to the executive director of the board. . ."); Cal. Code Regs., tit. 16, § 1356 ("the division [of Medical Quality] delegates and confers upon the executive director of the board . . . all function necessary to the dispatch of business of the division in connection with investigative and administrative proceedings under the jurisdiction of the division"). The Executive Director is represented in administrative proceedings by the Attorney General's office, for which the Attorney General such as Defendant Bonta, and deputies, such as Defendant Chambers, have duties akin to that of a prosecutor to "see that the laws of the state are uniformly and adequately enforced." Cal. Const., art. V, § 13. That duty is subject to the Attorney General's and deputies' discretion, the exercise of which may not be compelled in a particular manner, *State of Cal. v. Superior Court*, 137 Cal.App.3d 282, 287 (1982), or to require the official to reach a particular result, *Daily J. Corp. v. County of L.A.*, 172 Cal.App.4th 1550, 1555 (2009). Accordingly, Defendants Lubiano, Bonta, and Chambers are also entitled to absolute immunity for their adjudicative and prosecutorial actions in the administrative process which resulted in revocation of Plaintiff's license to practice medicine.

---

[8] A "ministerial duty," as defined by California law, is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act. *People v. Davis*, 226 Cal.App.4th 1353 (2014), as modified on denial of reh'g (July 8, 2014). However, for reasons discussed previously, Plaintiff has not and cannot show either a duty mandating that Defendants act, nor that he has a clear, present and beneficial right to performance of any such duty. *Cal. Corr. Peace Officers Assoc. v. State Pers. Bd.*, 10 Cal.4th 1133, 1153-54 (1995).

1

**F.    Leave to Amend Would be Futile and Should Not be Granted**

2    The Court need not provide leave to amend if "it determines that the pleading could not

3    possibly be cured by allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection*

4    *Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *AmerisourceBergen Corp. v. Dialysist West, Inc.*,

5    465 F.3d 946, 951 (9th Cir. 2006) (leave to amend may be denied where the amendment is futile).

6    Here, though Plaintiff has been given opportunity to amend, he has failed to state a valid claim for

7    relief based on the events that underlie this case and for the reasons discussed above, he will not

8    be able to do so even if given leave to amend a second time.  Plaintiff need not be given leave to

9    amend yet again as the FAC shows the deficiencies in his pleading are not capable of cure

10   through amendment.  *Akhtar*, 698 F.3d at 1212-13.  Further, the Court's discretion to deny an

11   amendment is "particularly broad" where a party has previously amended the pleading, as

12   Plaintiff has here.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Thus, this

13   entire action should be dismissed with prejudice.

14

**V.**

15

**CONCLUSION**

16   Plaintiff's rambling, garbled FAC violates Rule 8(a) and, even in the most favorable view

17   seems only to ask the federal court to undo the state action revoking his license to practice

18   medicine.  Yet Plaintiff did not avail himself of the state judicial remedies, so the underlying

19   Medical Board's decision, has become final and is not subject to review.  Further, Plaintiff's

20   claims based on state action are barred by sovereign immunity and Defendants are entitled to

21   absolute immunity for their respective prosecutorial and adjudicatory roles in the case where he

22   was found so grossly negligent that public protection required revocation of his medical license.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

14

1

2          For the foregoing reasons, Defendants Bonta, Lubiano, and Chambers respectfully request

3    that the Court grant their motion to dismiss this action with prejudice.

4    Dated:  September 11, 2023                        Respectfully submitted,

5                                                      ROB BONTA
                                                       Attorney General of California
6                                                      STEVE DIEHL
                                                       Supervising Deputy Attorney General
7

8

9

10                                                     LYNETTE D. HECKER
                                                       Deputy Attorney General
11                                                     *Attorneys for Defendants*
                                                       *Rob Bonta, Attorney General, Laurie Rose*
12                                                     *Lubiano, and Greg Chambers*

13    SF2023400897
14    Notice of Motion and Memo of Points and Authorities .docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Hulstedt v. Bonta et al.**         No.   **3:23-cv-02003-JSC**

I hereby certify that on <u>September 12, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

NOTICE OF MOTION AND MOTION BY DEFENDANTS ROB BONTA, LAURIE ROSE LUBIANO, AND GREG W. CHAMBERS TO DISMISS FIRST AMENDED COMPLAINT [ECF 62]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>September 12, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Douglas Vern Hulstedt, M.D.
2511 Garden Road, Suite C100
Monterey, CA  93940-5333
*Plaintiff In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 12, 2023</u>, at Fresno, California.

|  |  |
|---|---|
| Lisa Gaad | */s/ Lisa Gaad* |
| Declarant | Signature |

SF2023400897
95521737.docx