UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS VERN HULSTEDT,

Plaintiff,

v.

ROBERT ANDRES BONTA, et al.,

Defendants.

Case No. 3:23-cv-02003-JSC

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 66

Douglas Vern Hulstedt, proceeding without the assistance of a lawyer, brought suit against Attorney General Bonta, Laurie Rose Lubiano, Supervising Deputy Attorney General Greg Chambers and the State Bar of California. (Dkt. No. 1.) Defendants Conta and Lubiano moved to dismiss the complaint. (Dkt. No. 38.) The Court did not understand Plaintiffs' allegations and dismissed the complaint under Federal Rule of Civil Procedure 8(a). (Dkt. No. 60.) The Court warned Plaintiff that failure to provide a comprehensible complaint could result in dismissal of his claims without leave to amend. (*Id.* at 2.) Plaintiff timely filed a first amended complaint. (Dkt. No. 62.) Defendants Bonta, Lubiano, and Chambers again move to dismiss the complaint under Federal Rule of Civil Procedure 8(a). The Court finds the motion appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b). While Plaintiff appears to challenge the loss of his medical license, his allegations remain incomprehensible and do not state a valid claim. So, Defendants' Motion to Dismiss is GRANTED.

**BACKGROUND**

As discussed in this Court's previous order, unrepresented parties are still "bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Plaintiff's complaint still does not comply with Rule 8(a).

Plaintiff's first amended complaint predominantly repeats the allegations of his original complaint. (Dkt. Nos. 1, 62.) After comparing the first complaint to the amended complaint, it appears Plaintiff added various statements indicating the amended complaint is "SWORN AND VERIFIED BY SHORT PLAIN STATEMENTS AT A 12TH GRADE LEVEL OF COMPREHENSION." (Dkt. No. 62 at 3.) Plaintiff recites "there is "NO REASON TO SAY THAT THIS ORDER FOR DUE-PROCESS IS NOT COMPREHENSIBLE (12TH GRADE), AS A NON-ATTORNEY I HAVE THE RIGHT TO KNOW THE 'PLAYING FIELD' VALID LAWS ETC." (*Id.* at 13.)

While the Court understands the language of Plaintiff's complaint, the Court is unable to determine what legal claims Plaintiff is alleging. While it appears Plaintiff might be complaining about the loss of his medical license, Plaintiff still has not tied any facts to legal theories. Plaintiff's complaint does not contain any specific allegations as to what actions Defendants have taken and how they violated Plaintiff's rights. So, the Court DISMISSES Plaintiff's first amended complaint.

## LEAVE TO AMEND

Courts should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). After reviewing Plaintiff's complaints and numerous related filings, the Court is convinced amendment would be futile.

## PLAINTIFF'S REQUEST FOR SANCTIONS

In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff repeatedly requests sanctions be imposed against Defendants and defense counsel. (Dkt. No. 67.) Plaintiff has not explained any basis for imposing sanctions, so Plaintiff's request for sanctions is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED without leave to amend.

This Order disposes of Dkt. No. 66.

**IT IS SO ORDERED.**

Dated: October 12, 2023

JACQUELINE SCOTT CORLEY
United States District Judge